This is a suit on a mechanic's or materialman's lien and for specific performance of an alleged agreement. The complaint alleges that John R. McCollough "used more than $7,000 worth of material," to improve Patsy Ann Bell's property, and that Bell contracted to pay McCollough for the work on or before January 15, 1990. The initial complaint was filed against Bell, Odell Phillips, and Caryn Hayes, as co-defendants. McCollough argues that he filed a mechanic's lien against Bell for the improvements in April 1990, but does not allege in what office or county it was filed, nor was a copy made a part of the record in this case. Count II of McCollough's complaint alleges a written agreement between McCollough and Bell, wherein Bell agreed that if the monies were not paid by January 15, 1990, Bell would deed to McCollough an undivided one-half interest in "her house and lot." McCollough seeks specific performance of that agreement. No copy of the agreement appears in the record, nor is any transcript of the evidence presented for review.
Thereafter, Bell filed for bankruptcy and any debt or obligation arising out of either the agreement or the initial construction contract was allegedly discharged; however, there is no evidence in the record regarding whether McCollough was listed as a creditor in the bankruptcy proceedings. McCollough sought specific performance of the "agreement" in this matter, which was filed March 22, 1991, some fourteen months after McCollough contends that the debt was due. Bell filed a motion to dismiss, contending, inter alia, that the action was not commenced within six months after the maturity of the indebtedness in accordance with Ala. Code 1975, § 35-11-221, and also that the alleged debt was discharged in bankruptcy. The trial court granted Bell's motion to dismiss on June 28, 1991. Thereafter, in July 1991, McCollough filed a "Motion to Add Land as Party Defendant," alleging that the property itself should be a party defendant. That motion was granted July 9, 1991. On January 24, 1992, McCollough filed a motion to dismiss Phillips and Hayes as defendants on the grounds that they had deeded their interest in the property to Bell. This motion was granted January 31, 1992. On February 28, 1992, the trial court entered the following:
 "Suit to enforce lien not having been timely filed, this case is hereby dismissed. This is a final judgment." *Page 385 
On March 16, 1992, McCollough filed a "Motion for Clarification," asking the trial court to specify its reasons for its ruling on the specific performance count. The trial court entered an order noting that Bell, "the only defendant requested to perform specific performance," had been dismissed June 28, 1991, and that the matter was therefore no longer before the trial court. McCollough's notice of appeal was filed April 10, 1992, too late for consideration.
Rule 4, Alabama Rules of Appellate Procedure (A.R.App.P.) states:
 "(1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from."
Rule 4(a)(1), A.R.App.P.
To support an appeal, a judgment or order must be final, unless otherwise provided by law. Smith v. Jones,554 So.2d 1066 (Ala.Civ.App. 1989). "It is not however, the title of the order that makes it final for appeal purposes; rather, the test of the judgment's finality is whether it sufficiently ascertains and declares the rights of parties." Ex parte DCHRegional Medical Center, 571 So.2d 1162 (Ala.Civ.App. 1990). Clearly, the trial court's original granting of Bell's motion to dismiss in June 1991 was interlocutory in nature and would not support an appeal since it did not adjudicate the rights and liabilities of all parties. See Foster v. Greer Sons,Inc., 446 So.2d 605 (Ala. 1984). On January 31, 1992, however, when the trial court granted McCollough's motion to dismiss the two remaining defendants, no defendants remained whose rights and liabilities could be adjudicated. Any decision, order, or decree of the trial court which puts an end to the proceedings between the parties to a cause in that court is final and may be reviewed on appeal. Fore v. Fore, 44 Ala. 478 (1870). Thus, for purposes of appeal, a final order existed as of January 31, 1992, from which the appellant had 42 days to file his notice of appeal. Paraphrasing our supreme court, on a similar but unrelated procedural matter in Ex parte Lang, 500 So.2d 3
(Ala. 1986), we consider the trial court's order of dismissal entered June 28, 1991, to have "quickened" and become a "final" order on January 31, 1992, when the remaining defendants were dismissed from the action. "A final judgment is a terminal decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court." Holland v. Holland, 406 So.2d 877,879 (Ala. 1981).
Although the trial court continued to set the case and enter various rulings, these were of no effect. If anything, they reflect the trial court's intention that Bell's dismissal was intended as a final resolution of all claims McCollough may have had against Bell, including the claim of lien and the count for specific performance. This intention is also evident from the fact that Bell filed no further pleadings, nor appeared further in the case following the granting of her motion to dismiss.
There being no other litigants, the trial court's order of January 31, 1992, was final, and the notice of appeal filed in April 1992 comes too late.
APPEAL DISMISSED.
ROBERTSON, P.J., and RUSSELL, J., concur.