In October 1992, after more than 11 years of marriage, the wife filed a petition for divorce, alleging that the parties were incompatible. She requested that she be awarded an equitable property division and alimony. The husband answered, denying incompatibility and setting forth a prenuptial agreement as a defense to the wife's financial requests.
Following oral proceedings, the trial court declined to enforce the prenuptial agreement. The court awarded the wife $10,000 as alimony in gross, six months' rehabilitative alimony of $500 per month, $30,000 to $45,000 in jewelry, and a 1989 Lincoln automobile. The wife filed a post-trial motion, which was denied. She appeals.
The wife asserts that the court erred in its awards of periodic alimony and alimony in gross. She insists that although the court found the prenuptial agreement to be unenforceable, the agreement had considerable, if not controlling, influence over the court's decision to award such a scant amount of alimony.
The award of alimony is a matter which lies within the discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins,498 So.2d 853 (Ala.Civ.App. 1986). When a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell,474 So.2d 1128 (Ala.Civ.App. 1985). The trial court's judgment, however, is subject to review and revision. Seamon v. Seamon,587 So.2d 333 (Ala.Civ.App. 1991). When making an award of alimony, the trial court should consider certain factors, such as *Page 457 
the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, and the conduct of the parties. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982).
The wife's assertion concerning the trial court's underlying reason for its decision is based on mere speculation. This court, though alleged capable in various ways, is not clairvoyant. We do not attempt to read the mind of the trial judge. Considering the evidence of this case, however, we do find the court's award of periodic alimony to be an abuse of discretion.
The parties were married for 11 years. At the time of the hearing, the wife was 65 and the husband was 74. Both were in good health. Prior to the marriage the wife worked full-time, earning $12,000 per year. At the request of the husband, she did not work during the marriage.
The wife testified that she received $350 per month in Social Security benefits, $85 per month from real estate, and approximately $160 per year in dividends. At the time of the hearing, she was working part-time, earning $5 an hour. She testified that she had $13,000 in a savings account and $1,500 in a checking account. At the time of the hearing, she was living with her son and paying him rent. The wife testified that it was doubtful that she will be able to secure full-time employment. Considering her age, we find the wife's doubts to be plausible.
The husband testified that he was worth somewhere between $800,000 and $1,000,000, or more. His income for 1992 was $81,400, of which $54,200 was exempt from the payment of taxes.
While we are cognizant of the fact that the wife filed the divorce action and the husband was opposed to it, we do not find the "fault" factor to be determinative here. Other factors, particularly the wife's age, her lack of assets, her inability to find full-time employment, and the length of the marriage, outweigh that one factor.
Considering the facts of this case, we find that the court erred in awarding to the wife only $500 per month for six months in rehabilitative alimony. Accordingly, the judgment of the trial court is reversed and the case remanded to that court for it to reconsider the term of the periodic alimony award.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., dissents.