This is the second time this matter has been before this court. In the initial appeal, Wilson v. Wilson, 709 So.2d 1264
(Ala.Civ.App. 1998), this court remanded this matter to the trial court for a reconsideration of the husband's support obligations.
The trial court conducted a hearing and on July 30, 1998, entered an "Order After Remand." The trial court modified the original judgment of divorce by terminating the husband's obligation to pay $308 monthly for medical insurance for the wife, and entered a finding that the husband would have a minimum monthly income of $1879.41, after the payment of court-ordered obligations and taxes. The parties were instructed to file affidavits, with supporting evidence, regarding the remaining issue of arrearage for the court's later determination.
The husband filed what he called a Rule 59(e) motion; the court denied it. The husband appeals. It is well established that, with limited exceptions, an order can not be appealed unless it is a final order. McCollough v. Bell, 611 So.2d 383
(Ala.Civ.App. 1992). A ruling that disposes of fewer than all claims or relates to fewer than all parties in an action is generally not final as to any of the parties or any of the claims. See Rule 54(b), Ala. R. Civ. P. "`A final judgment is a terminal decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court.'" McCollough, 611 So.2d at 385 (quoting Holland v. Holland, 406 So.2d 877, 879
(Ala. 1981).
"The question whether a judgment is final is jurisdictional, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case on its own motion."Powell v. Powell, 718 So.2d 80 (Ala.Civ.App. 1998). "The question of finality of the [judgment] may be phrased as whether there is `something more for the court to do.'" Id., at 82 (quoting Wesley v. Brandon, 419 So.2d 257 (Ala.Civ.App. 1982).
The trial court's "order after remand," entered on July 30, 1998, stated that certain alimony payments were in arrears and directed the parties to submit evidence and affidavits on this issue and stated that a hearing would be conducted on the matter in the event the parties disputed the amount in arrears. Thereafter, both parties filed affidavits and evidence. The record indicates no evidence of any adjudication on that issue. Therefore, it appears there remains something more for the trial court to do in the present action. Because the issue of the amount of alimony in arrears remains pending in the trial court, the order of July 30, 1998, did not resolve all of the issues before the court; it therefore is not a final judgment and will not support an appeal. The trial court has the discretion, under Rule 54(b) to direct the entry of a final judgment as to fewer than all of the claims presented in an action if it makes a finding that there is "no just reason for delay." Rule 54(b), Ala. R. Civ. P.; Bean v. Craig, 557 So.2d 1249 (Ala. 1990). In the present case, however, such a finding appears inappropriate, in light of the fact that, in his appellate brief, the husband has challenged whether the court may properly order him to pay any arrearage, in light of his alleged inability to pay. This argument in the husband's brief gives rise to the inference that he plans to appeal an order directing him to pay an arrearage, in the event that the trial court enters such an order. "Appellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where the failure to do so might have a harsh effect."Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229
(Ala.Civ.App. 1996). *Page 635 
This court has no jurisdiction over this appeal because it is not based on a final judgment. The appeal is dismissed.
APPEAL DISMISSED.
Yates, Monroe, and Crawley, JJ., concur.
Robertson, P.J., concurs in the result.