Brenda Marie Wilson and Alan Joseph Wilson were divorced by a judgment of the trial court on September 10, 1996. The divorce judgment provided, among other things, that the parties would share joint legal and physical custody of their minor son, who was four years old when the divorce judgment was entered. On October 15, 1999, the mother filed a document entitled "Motion to Amend Divorce [Judgment]." The trial court treated that document as a motion to modify the custody provisions of the parties' divorce judgment, because in it the mother sought primary physical custody of the parties' minor child and an award of child support. The mother later also sought temporary custody of the child.
The trial court conducted an ore tenus hearing, and on September 14, 2000, entered an order awarding the parties joint legal custody of the child, awarding the mother primary physical custody of the child, and awarding the father visitation. The trial court's order also required the parties to submit documentation regarding *Page 849 
their incomes, so that it could compute a child-support award. The father appealed.
Although neither party questions the appealability of the September 14, 2000, order, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu. Nunn v. Baker, 518 So.2d 711
(Ala. 1987). A final judgment is one that completely adjudicates all matters in controversy between the parties. McCollough v. Bell,611 So.2d 383 (Ala.Civ.App. 1992); Ex parte Harris, 506 So.2d 1003
(Ala.Civ.App. 1987).
One of the claims at issue in this case, the mother's claim for child support, remains pending before the trial court. The trial court's September 14, 2000, order did not adjudicate all of the parties' claims. Therefore, that order was not a final judgment that would support an appeal. This court must dismiss an appeal taken from a nonfinal judgment.Powell v. Powell, 718 So.2d 80 (Ala.Civ.App. 1998).
DISMISSED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.