Mary Jane Stanford and Daryl M. Feige were divorced by a judgment of the trial court on October 24, 2000. The divorce judgment provided, among other things, that the husband would pay the wife periodic alimony in the amount of $500 per month. Additionally, the judgment provided that the trial court would "retain jurisdiction of periodic alimony until the marital residence is sold and until the [wife] has had a complete Psychiatric/Psychological evaluation to help determine [wife's] mental and emotional condition and her employability status." The trial court further amended the judgment, directing that "the [wife] shall submit to a Psychiatric/Psychological evaluation examination. The examination shall determine the exact nature and extent of the mental and emotional condition of the [wife] and her employability status. A written report of his findings and opinion shall be reported to the Court." The wife appealed.
The wife argues that the trial court abused its discretion in awarding too little periodic alimony and also in its division of the marital assets. Neither party has questioned the appealability of this case. However, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court will take notice of them ex mero motu. See Wilson v. Glasheen,801 So.2d 848 (Ala.Civ.App. 2001); Nunn v. Baker, 518 So.2d 711 (Ala. 1987). A final judgment completely adjudicates all matters in controversy between the parties. See Wilson, supra; McCollough v. Bell, 611 So.2d 383
(Ala.Civ.App. 1992); Ex parte Harris, 506 So.2d 1003 (Ala.Civ.App. 1987).
A thorough examination of the record indicates that the trial court is not just reserving jurisdiction of the case as to future modification of the periodic alimony based on changed circumstances. See Crenshaw v.Crenshaw, [Ms. 2991137, May 4, 2001] ___ So.2d ___ (Ala.Civ.App. 2001) (holding that reservation of the question as to periodic alimony is a denial of the same, but that periodic alimony can be modified at a future date on a showing of changed circumstances). The trial judge specifically stated that he would retain jurisdiction over the matter while awaiting the examination of the wife *Page 503 
because he "need[ed] some information back in here so I can review it andthen make my final determination on this matter." The judgment of the trial court, and the testimony at the hearing, show that the trial judge is seeking information as to whether the wife's purported mental difficulties will affect her future earning capability. We have previously held that future earning capability is one of the factors the trial court is to consider when dividing marital property and determining an alimony award.[1] Because the clear inference of the trial court's judgment is that the trial court may, at the least, change the amount of periodic alimony awarded and, perhaps, change the entire property settlement based on the results of the ordered evaluation of the wife, we believe that the divorce judgment does not in fact adjudicate all of the matters between the parties, and constitutes, therefore, a nonfinal judgment. This court must dismiss an appeal taken from a nonfinal judgment. Powell v. Powell, 718 So.2d 80 (Ala.Civ.App. 1998).
The appellee's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
Yates, P.J., and Crawley, Thompson, and Murdock, JJ., concur.
[1] Some of the others are the length of the marriage, the age and health of the parties, the type of property owned, and the standard of living the parties have become accustomed to during the marriage. SeeDavis v. Davis, 636 So.2d 456 (Ala.Civ.App. 1994); Nowell v. Nowell,474 So.2d 1128 (Ala.Civ.App. 1985).