Heidi Gayle Holland Reid ("the mother") and Eric Jason Reid ("the father") were divorced by a June 26, 2000, judgment of the trial court; that judgment was based on an agreement of the parties. Pursuant to the terms of the divorce judgment, the mother was awarded custody of the child born during the parties' marriage.
On October 22, 2001, the father filed a petition to modify custody of the child. The mother answered and counterpetitioned, seeking, among other things, a modification of the father's visitation with the child and a modification of the father's child-support obligation. The trial court conducted an ore tenus hearing, during which, it appears, issues were raised that had not been addressed in the parties' pleadings.
On December 18, 2001, the trial court entered an order awarding custody of the parties' child to the father, ordering the father to provide health-insurance coverage for the child, and ordering each party to pay one-half of the child's medical expenses that are not covered by health insurance. In its December 18, 2001, order, the trial court reserved for later determination the issue of child support and an issue related to the parties' division of the proceeds from their settlement of a legal *Page 1214 
action.[1] The mother appealed. The father did not file a brief in this court.
Although neither party has addressed whether this court may consider this appeal, matters of jurisdiction are of such importance that a court may consider them ex mero motu. Bacadam Outdoor Adver., Inc. v. Kennard,721 So.2d 226 (Ala.Civ.App. 1998) (citing Nunn v. Baker, 518 So.2d 711
(Ala. 1987), and Wallace v. Tee Jays Mfg. Co., 689 So.2d 210
(Ala.Civ.App. 1997)). "A final judgment is one that completely adjudicates all matters in controversy between the parties." Wilson v.Glasheen, 801 So.2d 848, 849 (Ala.Civ.App. 2001).
In Tomlinson v. Tomlinson, 816 So.2d 57 (Ala.Civ.App. 2001), the parties' divorce judgment awarded the mother custody of the parties' children and ordered the father to pay child support. The father later petitioned to modify custody of the parties' remaining minor child. The trial court entered a judgment in which it granted the father's petition but stated that it would consider the issue of child support when the parties submitted the child-support forms required by Rule 32(E), Ala. R. Jud. Admin. The mother appealed. This court dismissed the appeal as from a not final judgment, stating, "[b]ecause the trial court's order did not dispose of the matter of child support, it is not final, and this court cannot now reach the merits of this case." Tomlinson v. Tomlinson, 816 So.2d at 58.
In this case, in its December 18, 2001, order, the trial court reserved the issue of child support pending the mother's taking an examination in February 2002 to obtain her nursing license. The court stated that the results of that examination would determine the level of income the trial court would impute to the mother for the purpose of calculating her child-support obligation. Thus, the facts of this case are similar to those of Tomlinson v. Tomlinson, supra, because the trial court reserved its determination of the mother's child-support obligation pending the submission of information regarding the level of income the mother could expect to earn. See also Stanford v. Feige, 816 So.2d 501 (Ala.Civ.App. 2001) (concluding a judgment was nonfinal and dismissing the appeal from that judgment where, in the judgment from which the appeal was taken, the trial court had requested that the parties submit certain additional evidence necessary for it to make a determination whether the wife was entitled to alimony); Wilson v. Glasheen, 801 So.2d 848 (Ala.Civ.App. 2001) (dismissing as from a nonfinal judgment an appeal from a judgment in which the trial court asked the parties to submit information relevant to a determination of child support).
 "An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties. Rule 54(b), Ala.R.Civ.P.; Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. This is not an instance where the trial court's failure to grant certain relief necessarily implies that the trial court denied that relief. See Dutton v. *Page 1215 Chester F. Raines Agency, Inc., 475 So.2d 545 (Ala. 1985) (holding that the trial court's judgment for one party necessarily implied a denial of the other party's counterclaim)."
Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala.Civ.App. 2000). We conclude that the trial court's December 18, 2001, order was nonfinal, and, therefore, that it will not support the mother's appeal. This court must dismiss an appeal from a nonfinal judgment. Stanford v. Feige, supra.
APPEAL DISMISSED.
Yates, P.J., and Pittman, J., concur.
[1] That legal action accrued and was filed during the parties' marriage, but it does not appear that the divorce judgment addressed the division of any recovery in that action. Shortly before the father filed his petition to modify custody of the parties' child, the parties received a check in settlement of their claims in that action; the check was made out to both parties. We are not called upon to decide, and we find it unnecessary to decide, whether the action that forms the basis of this appeal was the appropriate forum in which to consider the issue of the division of those funds.