Joey K. Wilkerson ("the father") and Betsy Diane Waldrop Wilkerson ("the mother") were divorced by a 1995 judgment of the trial court; one child was born of the parties' marriage. On July 10, 2001, the trial court modified the divorce judgment and ordered the father to pay $450 per month in child support.
On November 15, 2001, the father, alleging a material change in circumstances, filed a petition seeking a modification of the trial court's July 10, 2001, child-support award. The mother answered. The State of Alabama intervened and filed, on behalf of the mother, a second answer and a petition for contempt alleging that the husband was $496.65 in arrears on his child-support obligation as of September 11, 2001.
Following an ore tenus hearing on May 14, 2002, the trial court denied the father's petition to modify, finding that there "had not been a sufficient change in circumstances to warrant a modification" of child support. On June 12, 2002, the father filed a postjudgment motion that was subsequently denied by the trial court. The father appealed, and on November 26, 2002, this court dismissed the appeal as being from a nonfinal judgment because the trial court had failed to adjudicate the petition for contempt.
On March 6, 2003, the trial court entered four separate orders; one of the orders denied the father's petition to modify, and a second order denied his postjudgment motion. The trial court entered a third order finding that the father was in contempt at the time of the May 14, 2002, hearing for failing to pay child support and setting a hearing on the matter for May 7, 2003, to determine a payment schedule to satisfy the child-support arrearage. The remaining order of the trial court continued the case for a hearing on the petitions for contempt and modification. On February 27, 2003, the father filed a second notice of appeal.[1] We note that "[a] notice *Page 1121 
of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof." Rule 4(a)(4), Ala.R.App.P.
The State of Alabama filed in this court a motion to dismiss the appeal; in that motion, the State argued that the March 6, 2003, judgment was not final. Therefore, we must initially determine whether the orders entered by the trial court on March 6, 2003, constituted a final judgment so as to support an appeal.
A final judgment is one "that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). See alsoMcCollough v. Bell, 611 So.2d 383, 385 (Ala.Civ.App. 1992) ("Any decision, order, or [judgment] of the trial court which puts an end to the proceedings between the parties to a cause in that court is final and may be reviewed on appeal."). "A final judgment is one that completelyadjudicates all matters in controversy between the parties." Wilson v.Glasheen, 801 So.2d 848, 849 (Ala.Civ.App. 2001) (emphasis added). It is well settled that "'[a]ppellate review in a piecemeal fashion is not favored.'" Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,742 So.2d 190, 192 (Ala.Civ.App. 1999) (quoting Brown v. WhitakerContracting Corp., 681 So.2d 226, 229 (Ala.Civ.App. 1996), overruled onother grounds, Schneider Nat'l Carriers, Inc. v. Tinney, 776 So.2d 753
(Ala. 2000)). The only exception to the rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. See generally Carlisle v. Carlisle, 768 So.2d 976,977 (Ala.Civ.App. 2000).
In the instant case, the trial court did not certify its March 6, 2003, judgment as final pursuant to Rule 54(b). The trial court's March 6, 2003, judgment found that the husband was in contempt but set the matter for a hearing to determine a payment schedule for the child-support arrearage; the judgment did not state the amount of arrearage that the father owes the mother. Thus, not all of the rights and liabilities of the parties were determined and not all of the issues were fully adjudicated. See Bean v. Craig, supra. We conclude that the trial court's March 6, 2003, judgment was nonfinal and will not support the father's appeal. This court must dismiss an appeal from a nonfinal judgment. Stanford v. Feige, 816 So.2d 501 (Ala.Civ.App. 2001).
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
[1] The second notice of appeal indicates that that appeal is taken from a January 16, 2003, judgment; however, that judgment is not in the record.