On Application for Rehearing
The opinion of September 26, 2003, is withdrawn, and the following is substituted therefor.
David McMurphy ("David") and J.E. McMurphy ("J.E.") appeal from an order condemning and disbursing $11,000 that was used to secure an appearance bond.
On May 5, 2000, East Bay Clothiers ("East Bay") sued David seeking to recover $16,001.68 plus interest for an unpaid balance on a credit account. On January 29, 2001, the trial court entered a default judgment against David because of his failure to answer or defend the complaint filed against him; the trial court awarded East Bay $16,809.22 in damages and $107.50 in costs.
East Bay filed postjudgment interrogatories for David to answer. David failed to answer the interrogatories, and, on East Bay's motion, the trial court entered an order compelling David to answer those interrogatories. David did not comply with the order compelling him to answer the postjudgment interrogatories, and he failed to appear at a show-cause hearing. The trial court issued a warrant for David's arrest, and it set his appearance bond at $5,000. David was arrested on October 24, 2001; he paid $5,000 in cash to secure his release, and that money was ordered to be disbursed to East Bay on October 25, 2001.
The trial court scheduled another show-cause hearing for November 19, 2001. When David failed to appear at that hearing, the trial court issued an arrest warrant for David and set his bond at $11,000. David was arrested on or about July 22, 2002; $11,000 in cash was paid to secure his release on July 24, 2002. David later alleged that the $11,000 bond was paid by J.E., his brother. East Bay filed a motion to condemn and disburse the $11,000. On August 7, 2002, the trial court entered a judgment granting East Bay's motion and ordering that the $11,000 be disbursed to East Bay.
On October 8, 2002, J.E. filed a motion to intervene; the trial court later purported to grant that motion. Also on October 8, 2002, David filed a motion seeking to "set aside" the August 7, 2002, judgment, alleging that the August 7, 2002, judgment had been sent to him at an incorrect address. On October 21, 2002, the trial court entered an order purporting to "stay" its August 7, 2002, judgment, and it scheduled a hearing on David's October 8, 2002, motion. On November 1, 2002, the trial court entered an order purporting to deny David's October 8, 2002, motion. In that order, the trial court again ordered that *Page 397 
the $11,000 be condemned and that the funds be disbursed to East Bay.
On November 12, 2002, David and J.E. filed a joint motion "pursuant to Rule 59 of [the] Alabama Rules of Civil Procedure" in which they asked the trial court to "alter, amend, or vacate the judgment." David and J.E. sought the same relief in their November 12, 2002, motion as David had sought in his October 8, 2002, postjudgment motion. Specifically, David and J.E. "request [ed] that the Court order a new trial or in the alternative to alter, vacate or amend this matter to order that the money be paid back to [J.E.]." A hearing was held on that motion on January 8, 2003, and, on that same day, the trial court entered an order purporting to deny the November 12, 2002, motion. David and J.E. filed a notice of appeal on February 18, 2003.
Although none of the parties has addressed the issue, this court must determine whether it has jurisdiction over this appeal. Jurisdictional matters are of such importance that a court may take notice of them ex mero motu. Nichols v. IngramPlumbing, 710 So.2d 454 (Ala.Civ.App. 1998). "`The timely filing of a notice of appeal is a jurisdictional act.'" Overy v.Murphy, 827 So.2d 804, 805 (Ala.Civ.App. 2001) (quoting Rudd v.Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985)).
The trial court entered a final judgment that would support an appeal on August 7, 2002. A postjudgment motion must be filed within 30 days of the entry of a final judgment in order to extend the time for taking an appeal from that judgment. Rule 59, Ala. R. Civ. P. In the absence of a postjudgment motion that extends the time for taking an appeal, a party must file a notice of appeal within 42 days of the entry of the final judgment. Rule 4(a), Ala. R.App. P.
David filed his postjudgment motion on October 8, 2002, more than 30 days after the entry of the August 7, 2002, judgment. Thus, David's October 8, 2002, motion seeking to "set aside" the August 7, 2002, judgment was untimely under Rule 59, Ala. R. Civ. P., and the trial court was without jurisdiction to consider that motion. In their brief on application for rehearing, David and J.E. cursorily state that the October 8, 2002, motion was made pursuant to Rule 60(b), Ala. R. Civ. P., "as the time for filing a Rule 59 motion had expired." Under Rule 60(b), a party may seek relief from a final judgment based on several different grounds. However, a Rule 60(b) motion may not be used to relieve a party from his failure to timely appeal. Ex parte Citizens Bank,879 So.2d 535 (Ala. 2003); City of Daphne v. Caffey, 410 So.2d 8
(Ala. 1981).
Our courts have held the substance of a motion, not its title, is determinative of the type of motion it is. Evans v. Waddell,689 So.2d 23, 26 (Ala. 1997). After considering the substance of the October 8, 2002, motion, we conclude that the October 8, 2002, motion was, in substance, a Rule 59 motion to alter, amend, or vacate the judgment. See Bice v. SCI Alabama Funeral HomeServs., 764 So.2d 1280 (Ala.Civ.App. 2000) (concluding that a postjudgment motion was a motion made pursuant to Rule 59(e), Ala. R. Civ. P., and that it was untimely filed and did not work to extend the time for taking an appeal).
David and J.E. filed a notice of appeal in this matter on February 18, 2003, well in excess of 42 days allowed by Rule 4(a), Ala. R.App. P., for taking an appeal from the trial court's August 7, 2002, judgment. The October 8, 2002, postjudgment motion was untimely and did not work to extend the time for taking that appeal. This court does not have jurisdiction to consider *Page 398 
an untimely appeal; therefore, we must dismiss the appeal. Rule 2, Ala. R.App. P.
OPINION OF SEPTEMBER 26, 2003, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; APPEAL DISMISSED.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY and MURDOCK, JJ., dissent, without writing.