895 So.2d 347 (2004)
Joey K. WILKERSON
v.
Betsy Diane Wilkerson WALDROP.
2030327.
Court of Civil Appeals of Alabama.
July 16, 2004.
James D. Hamlett, Montgomery, for appellant.
*348 Troy King, atty. gen., and J. Coleman Campbell, deputy atty. gen., and Jennifer M. Bush, asst. atty. gen., Department of Human Resources, for appellee.
THOMPSON, Judge.
Joey K. Wilkerson ("the father") and Betsy Diane Wilkerson Waldrop ("the mother") were divorced by a 1995 judgment of the trial court; one child was born of the parties' marriage. On July 10, 2001, the trial court modified the 1995 divorce judgment and ordered the father to pay $450 per month in child support. In its July 10, 2001, modification judgment, the trial court stated that its judgment did not comply with the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines and noted that "[b]ased on the evidence presented in court, it [was] virtually impossible ... to calculate with any accuracy the self-employment income of the father." The trial court determined that the $450 child-support award was reasonable given the evidence presented in connection with the case. The father did not appeal from that modification judgment.
On November 15, 2001, the father, alleging a material change in circumstances, filed a petition seeking a modification of the trial court's July 10, 2001, child-support award. On January 8, 2002, the State of Alabama, on behalf of the mother, intervened and filed a petition for contempt alleging that the father had failed to fully meet his child-support obligation.
Following an ore tenus hearing on May 14, 2002, the trial court denied the father's petition to modify; the trial court did not address the contempt petition. The father appealed, and on November 26, 2002, this court dismissed the appeal as being from a nonfinal judgment because the trial court had failed to adjudicate the contempt petition. On March 6, 2003, the trial court entered four separate orders; however, the orders left issues pending that pertained to the contempt petition. The father filed a second appeal, and on June 27, 2003, this court dismissed that appeal as being from a nonfinal judgment. See Wilkerson v. Wilkerson, 868 So.2d 1119 (Ala.Civ.App.2003).
On August 20, 2003, the father filed a motion asking the trial court to enter a final judgment with regard to his November 15, 2001, modification petition. The trial court entered an order on November 17, 2003, in which it stated that all matters had been decided and determined and that no further matters remained pending before it in case number DR-95-193.03. The father timely appealed.
The father contends on appeal that the trial court erred in failing to modify his child-support obligation; he asserts that the necessary child-support-guidelines forms do not appear in the record to support the trial court's conclusion that the July 10, 2001, child-support award should not be modified. Because none of the required child-support-guidelines forms are in the record on appeal and because it does not appear from the record that the parties submitted the child-support-guidelines forms to the trial court, we pretermit discussion of the trial court's refusal to modify the father's child-support obligation.
A noncustodial parent's child-support obligation is governed by the mandatory application of Rule 32, Ala. R. Jud. Admin. Smith v. Smith, 587 So.2d 1217 (Ala.Civ.App.1991). Rule 32(E), Ala. R. Jud. Admin., states that "[a] standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and [that those forms] shall be of record and shall be deemed to be incorporated *349 by reference in the court's child support order." (Emphasis added.) The filing of the child-support-guidelines forms required under Rule 32(E) is mandatory. Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994). This court has consistently held that the failure to file the required child-support-guidelines forms in compliance with Rule 32(E) where child support is made an issue on appeal is reversible error. Holley v. Holley, 829 So.2d 759 (Ala.Civ.App.2002); Gordon v. Gordon, 804 So.2d 241 (Ala.Civ.App.2001); and Martin v. Martin, supra.
The July 10, 2001, judgment of the trial court ordered the father to pay child support in the amount of $450 per month. In that judgment, the trial court stated that it did not comply with the child-support guidelines, and there is no indication in the record on appeal that the parties submitted child-support-guidelines forms in that action. Notably, the father did not appeal the trial court's July 10, 2001, judgment; therefore, that judgment is not before this court for review. With regard to the father's November 15, 2001, modification petition and the November 17, 2003, judgment currently before this court for review, the record contains no child-support-guidelines forms submitted by either party to that modification action.
The parties' failure to submit the child-support-guidelines forms required by Rule 32(E) in the November 15, 2001, modification action leaves this court with no alternative but to reverse the trial court's judgment in which it denied the father's petition to modify. We therefore remand this action to the trial court for further proceedings in compliance with Rule 32, Ala. R. Jud. Admin. See Holley v. Holley, supra.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY, J., dissents, with writing.
MURDOCK, J., dissents, without writing.
CRAWLEY, Judge, dissenting.
"The law is well settled that a party may not induce an error by the trial court and then attempt to win a reversal based on that error." Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 808 (Ala.2003). The father's appeal is frivolous because he could have filed the forms required under Rule 32, Ala. R. Jud. Admin., with the trial court, thus avoiding the necessity of this appeal. I would award an attorney fee in the amount of $1,000 to the State of Alabama, on behalf of the mother, and against appellant Joey K. Wilkerson. Rule 38, Ala. R.App. P.