Billy Lee Parker, the husband, and Sarah Kathy Parker, the wife, were married on February 3, 1976. The parties were subsequently divorced, but the record is unclear when the divorce occurred. The parties remarried in October 1983, and again divorced in 1990. After the second divorce, the parties resumed living together, held themselves out as husband and wife, and considered themselves to be in a common-law marriage. On September 19, 2002, the husband filed a complaint for a divorce, alleging incompatibility of temperament between the parties and an irretrievable breakdown of the marriage. The wife answered the complaint and denied the husband's allegations. After an ore tenus proceeding, the trial court entered a judgment on April 16, 2003, divorcing the parties and ordering the husband to pay alimony and to provide medical insurance for the wife.
On May 13, 2003, pursuant to Rule 59(e), Ala. R. Civ. P., the husband filed a postjudgment motion for a new trial, or, in the alternative, to alter, amend, or vacate the *Page 357 
April 16, 2003, judgment. The husband did not request a hearing on his motion. The trial court denied the husband's postjudgment motion, without a hearing, on May 15, 2003. On May 16, 2003, the husband filed a motion asking the court to reconsider the denial of his postjudgment motion without having conducted a hearing, citing Rule 59(g), Ala. R. Civ. P., which provides that postjudgment motions "shall not be ruled upon until the parties have had opportunity to be heard thereon." The trial court purported to grant the motion to reconsider and set a hearing on the husband's postjudgment motion for July 15, 2003. On September 2, 2003, the trial court purported to enter an order that required the husband to continue to pay alimony and to provide medical insurance for the wife until she was enrolled in Medicare or Medicaid. The husband filed a notice of appeal on September 23, 2003.
The husband argues that the trial court abused its discretion in awarding alimony to the wife despite evidence indicating that she was cohabitating with a member of the opposite sex. Both parties failed to address the timeliness of the appeal in their briefs. This court has held:
 "Although neither party has addressed the issue, this court must determine whether it has jurisdiction over this appeal. Jurisdictional matters are of such importance that a court may take notice of them ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454
(Ala.Civ.App. 1998). `The timely filing of a notice of appeal is a jurisdictional act.' Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985)."
Overy v. Murphy, 827 So.2d 804, 805 (Ala.Civ.App. 2001); seealso McMurphy v. East Bay Clothiers, 892 So.2d 395 (Ala.Civ.App. 2004) (holding that the filing of a notice of appeal was a jurisdictional issue that the court must consider even if the parties failed to raise the issue in their briefs).
Rule 4(a)(1), Ala. R.App. P., requires a party to file a notice of appeal "within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . ." When a party files a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., the running of the time for filing a notice of appeal shall be suspended and "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion." Rule 4(a)(3), Ala. R.App. P. The husband's postjudgment motion was denied by the trial court on May 15, 2003. The time for filing a notice of appeal began to run on that date, and it expired 42 days later on June 26, 2003. The husband did not file his notice of appeal until September 23, 2003, thus making this appeal untimely. SeeHumphries v. Humphries, 726 So.2d 698, 699-700 (Ala.Civ.App. 1998).
Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because the husband's appeal was filed more than 42 days after the denial of his postjudgment motion, his appeal must be dismissed.
APPEAL DISMISSED.
All the judges concur. *Page 358