CRAWLEY, Presiding Judge.
This is a workers’ compensation case. Leigh Dunn Marchand (“the worker”) appeals from a summary judgment entered against her and in favor of Kerr-McGee Chemical, LLC (“the company”). Interestingly, it was the company in this case that brought suit against the worker, seeking a judgment that the worker was not entitled to workers’ compensation benefits. The worker counterclaimed, alleging that she was entitled to workers’ compensation benefits and that she was wrongfully discharged in retaliation for making a workers’ compensation claim. On April 20, 2005, the trial court entered a summary judgment in favor of the company on the worker’s claim for workers’ compensation benefits. On May 4, 2005, the trial court ordered that the case be consolidated with case number CV-04-1976, a separate action brought by the worker against various defendants, including Terry Taylor, M.D., Mary Meyer, and Kerr-McGee Chemical Corporation. On March 10, 2006, the trial court purported to enter a “final” summary judgment in favor of the company and against the worker on the worker’s retaliatory-discharge claim. The worker appealed the trial court’s judgment as to her wrongful-discharge claim to our supreme court, which transferred this appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Although the trial court entitled its order of March 10, 2006, as a “final” judgment,
‘“it is not the title of an order that makes it final; rather, the test of a judgment’s finality is whether it sufficiently ascertains and declares the rights of the parties.’ Ex parte DCH Reg’l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990) (citing McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973)). ‘An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.’ Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995).”
Queen v. Belcher, 888 So.2d 472, 475 (Ala.2003).
The trial court’s judgment does not resolve all the issues before it concerning all the parties. The trial court consolidated the worker’s action against Terry Taylor, M.D., Mary Meyer, and Kerr-McGee Chemical Corporation, case number CV-04-1976, with her action against the company alleging wrongful discharge under the workers’ compensation act. Nothing in the record before this court indicates that the trial court entered any judgment regarding the worker’s claims against the defendants in case number CV-04-1976. Furthermore, the trial court did not certify the judgment against the worker in her wrongful-discharge action as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
This court has a duty to dismiss, on its own motion, an appeal from a nonfinal judgment. See, e.g., Wilson v. Wilson, 736 So.2d 633, 634 (Ala.Civ.App.1999). Consequently, we must dismiss this appeal because it is from a nonfinal judgment.
APPEAL DISMISSED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.