Angie Terry Naylor ("the mother") appeals from a custody-modification judgment entered by the Lawrence Circuit Court on October 22, 2006.
Although the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v.East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App. 2004). "[T]he question whether a judgment is final is a jurisdictional question." Johnson v. Johnson, 835 So.2d 1032, 1034
(Ala.Civ.App. 2002).
In this case, the trial court's October 22, 2006, judgment did not dispose of the issue of child support. Specifically, the trial court stated:
 "The Court reserves the issue of child support pending the mother having surgery and being able to return to work. Upon the mother returning to work or after a reasonable period of time once she has regained the ability to work she shall be ordered to pay child support according to the guidelines set forth in Rule 32 [Ala. R. Jud. Admin.]"
Because the judgment did not determine all the rights or liabilities of the parties but, instead, reserved the issue of child support pending the occurrence of a specific event, i.e., the mother's having surgery and being able to return to work, the judgment is not final. See Reid v. Reid,844 So.2d 1212, 1213-15 (Ala.Civ.App. 2002) (holding a judgment that "reserved the issue of child support pending the mother's taking an examination . . . to obtain her nursing license" to be nonfinal); and Tomlinson v. Tomlinson, 816 So.2d 57,58 (Ala.Civ.App. 2001) (holding a judgment that stated that child support would be determined upon submission of CS-41 forms by the parties to be nonfinal).[1] Because a nonfinal judgment will not support an appeal, we must dismiss the appeal. SeeReid, 844 So.2d at 1215.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] Compare Reid and Tomlinson, supra,with Parker v. Parker, 946 So.2d 480 (Ala.Civ.App. 2006) (holding a judgment that reserved the issue of child support indefinitely, and not pending the occurrence of a specific event, to be final).