MOORE, Judge.
 

 On May 13, 2007, Gail McAfee Garrison (“the mother”) filed in the Morgan Circuit Court (“the trial court”) a “notice of registration of foreign judgment and petition for contempt” against Jon C. McAfee (“the father”). The mother requested that the trial court register, as a foreign judgment, a judgment entered by the District Court of Sarpy County, Nebraska, that, among other things, divorced the parties, awarded the father custody of the parties’ two younger children, awarded the mother custody of the parties’ oldest child, and awarded both parties visitation with the child or children not in his or her custody. The mother also requested, among other things, that the trial court order the father to appear and show cause why he should not be held in contempt of court for his failure to abide by the terms of the parties’ divorce judgment and that the trial court modify the custody provisions of the divorce judgment. On April 16, 2007, the father filed a response to the mother’s notice and petition for contempt; he also counterclaimed, seeking, among other things, an award of child support from the mother.
 

 Following ore tenus proceedings on December 3, 4, and 5, 2007, the trial court entered a judgment on January 10, 2008, that, among other things, modified the custody provisions of the divorce judgment to award custody of the parties’ two younger children to the mother, awarded the father visitation, and ordered the father to pay child support. Although not included in the record on appeal, the State Judicial Information System’s case-action-summary sheet reflects that the father filed a timely motion to alter, amend, or vacate the judgment, pursuant to Rule 59(e), Ala. R. Civ. P., on January 25, 2008, and that the trial court purported to enter an order denying
 
 *600
 
 the father’s postjudgment motion on May 1,
 
 2008.
 
 The father filed his notice of appeal to this court on June 6, 2008.
 

 Even though not addressed by either party, this court must first determine whether it has jurisdiction over this appeal. “Jurisdictional matters are of such importance that a court may take notice of them
 
 ex mero motu.” McMur-phy v. East Bay Clothiers,
 
 892 So.2d 395, 397 (Ala.Civ.App.2004). ‘“The timely filing of a notice of appeal is a jurisdictional act.’ ”
 
 Gunnison-Mack v. State Pers. Bd.,
 
 923 So.2d 319, 320 (Ala.Civ.App.2005) (quoting
 
 Marsh v. Marsh,
 
 852 So.2d 161, 163 (Ala.Civ.App.2002)).
 

 Rule 59.1, Ala. R. Civ. P., provides, in pertinent part:
 

 “No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days .... A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder ... shall constitute a denial of such motion as of the date of the expiration of the period.”
 

 Rule 4(a)(1), Ala. R.App. P., requires a party to file a notice of appeal “within 42 days (6 weeks) of the date of the
 
 entry
 
 of the judgment or order appealed from.” (Emphasis added.)
 
 See also Durr v.
 
 Dmr, 961 So.2d 139, 140 (Ala.Civ.App.2006). Pursuant to Rule 4(a)(3), Ala. R. App. P., the timely filing of a motion pursuant to Rule 59, Ala. R. Civ. P., suspends the time for filing a notice of appeal and
 

 “the full time fixed for filing a notice of appeal shall be computed from the date of the
 
 entry
 
 in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.”
 

 (Emphasis added.)
 
 See also Parker v. Parker,
 
 897 So.2d 356, 357 (Ala.Civ.App. 2004). “An order or a judgment shall be deemed
 
 ‘entered’
 
 within the meaning of [the Rules of Civil Procedure] and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.” Rule 58(c), Ala. R. Civ. P. (emphasis added).
 

 In this case, the State Judicial Information System’s case-action-summary sheet reflects that the trial court
 
 entered
 
 its judgment on January 10, 2008, and that the father filed a timely Rule 59(e) motion on January 25, 2008. The father’s post-judgment motion was denied by operation of law on April 24, 2008,
 
 see
 
 Rule 59.1, Ala. R. Civ. P., and, although the trial court purported to
 
 enter
 
 an order denying the motion on May 1, 2008, it was without jurisdiction to do so. After the father’s postjudgment motion was denied by operation of law on April 24, 2008, the father had 42 days, i.e., until June 5, 2008, to file his notice of appeal. The father did not file his notice of appeal until June 6, 2008; therefore, this appeal is untimely.
 
 See Parker,
 
 897 So.2d at 357.
 

 Rule 2(a)(1), Ala. R.App. P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Because the father’s notice of appeal was filed more than 42 days after his postjudgment motion was denied by operation of law, his appeal must be dismissed.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.