THOMPSON, Presiding Judge.
Robert M. Starkey (“the husband”) appeals from the judgment (“the divorce judgment”) divorcing him from Martha Starkey (“the wife”) and from the subsequent order denying the husband’s motion to alter, amend, or vacate the divorce judgment.
The record indicates the following facts relevant to this appeal. On May 17, 2011, the wife filed a complaint seeking a divorce. On October 26, 2011, the trial court entered an order requiring the husband to pay the wife $1,500 each month as penden-te lite support. The trial in this case was held on February 14, 2012. On March 9, 2012, before the divorce judgment was entered, the wife filed a motion for contempt alleging that the husband had not paid the pendente lite support that was owed for February and March 2012. The wife filed a second contempt motion on April 13, 2012, adding the month of April to the months that, she alleged, the husband had failed to pay pendente lite support. She filed a third motion for contempt on June 13, 2012, adding the months of May and June to the months that, she alleged, the husband had failed to pay pendente lite support. The case-action summary indicates that a hearing on the wife’s contempt motions was scheduled for September 2012.
The divorce judgment was entered on July 20, 2012. That judgment does not address the wife’s motions for contempt, but it states that “any other relief requested by the parties not addressed herein is denied.” On July 31, 2012, the husband filed a motion to alter, amend, or vacate the divorce judgment and asked that his motion be heard the same day as the previously scheduled hearing on the wife’s contempt motions.
A hearing on the contempt motions and the postjudgment motion was held on October 2, 2012. The trial court denied the husband’s postjudgment motion but continued the hearing as to the wife’s contempt motions because the husband did not have an attorney, and, as the trial court pointed out to him, he was “looking at going to jail for willful failure to comply with the orders of this Court, and I want you to have an attorney represent you at that hearing.” The husband filed his notice of appeal to this court on November 13, 2012. On December 12, 2012, the trial court ordered the husband to pay the wife $1,500 each month “as temporary periodic alimony pending the appeal.” The December 12, 2012, order stated that the hearing on the issues of contempt would be set by a separate order.
The contempt hearing was held January 31, 2013, and March 5, 2013.[1] When the hearing was convened on March 5, 2013, the trial court was notified that the parties *636 had reached a settlement agreement. The trial court incorporated the settlement agreement into its order dated March 11, 2013. In that order, the trial court noted that the husband had not paid the “temporary periodic alimony” as ordered in December 2012. The trial court stated that it would set a separate hearing to determine whether the husband’s failure to make the “temporary periodic alimony” payments “was contemptuous.” The order is silent as to the wife’s earlier contempt motions regarding the husband’s failure to pay the pendente lite support as ordered.
In reviewing the record, this court is unable to determine whether the wife’s three contempt motions — filed in March, April, and June 2012 — have been ruled upon by the trial court. Although the divorce judgment, which was entered after the contempt motions were filed, purports to have denied all relief not addressed in the judgment, it appears that the parties and the trial court contemplated that the issue of contempt was still pending because hearings were scheduled and held on the issue subsequent to the entry of the divorce judgment. However, no order specifically addressing the wife’s contempt motions appears in the record.
Even though this issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. “ ‘Jurisdictional matters are of such importance that a court may take notice of them ex mero motu.’ ” Naylor v. Naylor, 981 So.2d 440, 441 (Ala.Civ.App.2007) (quoting McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004)). “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006) (citing Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979)).
In Perry v. Perry, 92 So.3d 799, 801 (Ala.Civ.App.2012), this court dismissed an appeal of a divorce judgment because the trial court had not ruled on the wife’s contempt motion relating to an interlocutory order requiring the husband to pay the wife sufficient money for her to pay household bills.
In this case, the wife’s motions for contempt relate to the trial court’s interlocutory order requiring the husband to pay the wife pendente lite support. If the trial court has not yet ruled on those motions, the appeal is due to be dismissed. However, this court cannot determine whether the trial court has disposed of the wife’s contempt claims. The record does not contain an order or judgment specifically addressing the merits of or adjudicating the wife’s contempt claims. It could be argued that the trial court disposed of those motions, which were pending at the time the divorce judgment was entered, when it denied all relief not addressed in the judgment. However, as mentioned, that does not appear to have been the trial court’s intent. Likewise, the parties’ settlement agreement, incorporated into the order of March 11, 2013, may have encompassed the unpaid pendente lite support payments. In the March 2013 judgment, the trial court refers to the husband’s failure to make three payments of temporary alimony that had come due in December 2012 and January and February 2013. No mention is made, however, of the missed pendente lite payments that were the subject of the wife’s contempt motions.
In short, from the record before us, this court cannot determine the status of the wife’s contempt motions. Accordingly, we remand this case to the trial court and reinvest it with jurisdiction for 21 days from the date of this opinion to either *637 enter a final judgment encompassing the ■wife’s contempt motions or to enter an order clarifying that those motions have been disposed of or no longer remain pending.
REMANDED WITH INSTRUCTIONS. *
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., dissents, with writing.

. The record indicates that the husband was held in contempt for his behavior during the January 31, 2013, hearing. According to the contempt order, while on the witness stand, the husband continually disobeyed the trial court’s instructions by failing to respond to questions without making commentary, by asking questions of counsel, and by being repeatedly insulting and rude. The husband was fined $100 and sentenced to five days in the Jackson County jail.

 Note from the reporter of decisions: On August 30, 2013, on return to remand, the Court of Civil Appeals affirmed, without opinion. On November 8, 2013, that court denied rehearing, without opinion. On January 10, 2014, the Supreme Court denied certiorari review, without opinion (1130228).