THOMAS, Judge.
Sharon Osburn appeals from a judgment entered by the Elmore Circuit Court on May 24, 2016. Before reaching the issues presented on appeal, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala. Civ. App. 2004). "[T]he question whether a judgment is final is a jurisdictional question." Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala. Civ. App. 2002).
In this case, the May 24, 2016, judgment did not dispose of issues regarding child custody.[1] Specifically, the judgment reads: "[T]he issue[s] of child custody, child visitation[,] and child support remain[ ] and [are] reserved to this Court pending the recommendation[s] by the Guardian ad Litem and the report of Dr. K. Hollinger."
The May 24, 2016, judgment is not final because it did not determine all the rights or liabilities of the parties but, instead, reserved the issues of child custody and support pending the occurrence of a specific event, i.e., the receipt of certain recommendations. See Naylor v. Naylor, 981 So.2d 440, 441 (Ala. Civ. App. 2007) (citing Reid v. Reid, 844 So.2d 1212, 1213-15 (Ala. Civ. App. 2002) (holding a judgment that "reserved the issue of child support pending the mother's taking an examination ... to obtain her nursing license" to be nonfinal); and Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala. Civ. App. 2001) (holding a judgment that stated that child support would be determined upon submission of CS-41 forms by the parties to be nonfinal)). Because a nonfinal judgment *62 will not support an appeal, we must dismiss the appeal. See Reid, 844 So.2d at 1215.[2]
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

The parties are the legal guardians of a child.

We have not overlooked the argument presented by Michael Osburn that, on February 22, 2017, more than four months after the notice of appeal was filed, the circuit court entered a purported final judgment. We note that, " '[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.' " Horton v. Horton, 822 So.2d 431, 434 (Ala. Civ. App. 2001) (quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala. Civ. App. 1982) ). See also Pike v. Reed, 3 So.3d 201, 203 (Ala. Civ. App. 2008) (deeming an order entered after a notice of appeal from a nonfinal judgment had been filed to be a "nullity").