PER CURIAM.
F.V.O., the respondent in a dependency action in the Coffee Juvenile Court, appealed to the Court of Civil Appeals from orders entered by the trial court after a dispositional-review hearing in a dependency case. A majority of the Court of Civil Appeals affirmed the orders; this Court granted certiorari review. We reverse and remand.
The Coffee County Department of Human Resources (“DHR”) filed petitions in the Coffee Juvenile Court on April 10, 2009, asserting that M.A.H., A.H., and B.H.V. (“the children”) were dependent and in need of care and supervision. DHR alleged that M.A.H. had been sexually molested and that the children had been removed from the home of F.V.O. (“the mother”) and E.H.A. (“the father”). DHR requested an award of custody to protect the children while it completed an investigation. After a hearing on April 10, 2009, the trial court awarded custody of the children to DHR. The father was later arrested and charged with sexual abuse of M.A.H.; DHR determined that the mother could not protect the children.
On August 27, 2010, the trial court entered orders finding, among other things, that the children were dependent, that DHR had made reasonable efforts to prevent removing the children from their home and that those efforts had failed, that placement of the children in the home with the mother would be contrary to the children’s best interests, that DHR was to continue to make reasonable efforts to reunite the children with the mother and to restore custody of the children to her, and that DHR was not required to make any further efforts to reunite the children with the father. The trial court entered similar orders after a dispositional-review hearing held on February 2, 2011.
*29 The trial court held another dispositional-review hearing on August 4, 2011. DHR requested that the permanency plan for the children be changed to “adoption with unidentifiable resources.” Amanda Wallace, a foster-care worker with DHR, testified that DHR had exhausted its investigation of all potential relative resources. She stated that DHR could not approve any of the maternal relatives identified as possible relative resources, that reunification with the mother had been unsuccessful, and that the mother had not met the goals DHR had given her in working toward reunification. The trial court entered three orders on January 3, 2012, one as to each child. Other than the name of the child, the orders were identical. The trial court concluded in each order:
“This case comes before the Court for a dispositional review hearing on August 4, 2011. Present at the hearing were Letitia Myers, guardian ad litem, Jodee Thompson, attorney for [DHR], [F.V.O.], mother of the child, Mary Katherine Head, attorney for the mother, and Gary Bradshaw, attorney for the father. The father, [E.H.A.], is incarcerated in the Alabama Department of Corrections, and was not present at the hearing.
“Pursuant to Public Laws [Act No.] 96-272 and § 12-15-312 of the Code of Alabama [1975], review of the Department of Human Resources [’] report, testimony and other evidence presented, the Court finds as follows:
“1) Placement of the child in [ his or her] home continues to be contrary to the best interest and welfare of the child.
“2) Reasonable efforts have been made to reunite the mother and child and said efforts have failed.
“3) On June 9, 2010, [E.H.A.] plead[ed] guilty to Sexual Abuse of a Child less than twelve, in the Circuit Court of Coffee County, Enterprise Division, case number CC-2009-617. Therefore, pursuant to § 12 — 15—312(c) of the Code of Alabama [1975], reasonable efforts to reunite the child with the father, [E.H.A.,] shall no longer be required.
“4) The most appropriate permanency plan is adoption.
“5) Reasonable efforts have been made to finalize a permanency plan.
“6) Custody shall remain with the Coffee County Department of Human Resources.
“7) The Coffee County Department of Human Resources shall have discretion in planning and placement, with the concurrence of the guardian ad litem.
“8) The Department of Human Resources shall not change the placement of a child without the prior approval of the [g]uardian ad litem, except in emergency circumstances, in which case, the guardian ad litem shall be immediately notified of the change and the reason for the change.”
The mother appealed to the Court of Civil Appeals from the three orders entered on January 3, 2012. A majority of the Court of Civil Appeals affirmed, holding that the orders were final, appealable judgments but that the mother had failed to preserve her arguments on the merits for appellate review. F.V.O. v. Coffee Cnty. Dep’t of Human Res., 145 So.3d 11 (Ala.Civ.App.2012). Presiding Judge Thompson dissented from the majority opinion. F.V.O., 145 So.3d at 21 (Thompson, P.J., dissenting). He concluded that the orders from which the mother’s appeal was taken were nonfinal orders and that the appeal should therefore be dismissed. This Court granted certiorari review.
*30 The mother argued to the Court of Civil Appeals and argues in her petition for certiorari review that (a) “the juvenile court erred in determining that adoption is the most appropriate permanency plan” because this finding was not supported by the evidence, and (b) “the juvenile court erred in concluding that DHR had made reasonable efforts to reunite the mother with the children.” 145 So.3d at 21. The pertinent language of the trial court’s orders of January 3, 2012, provides:
“2) Reasonable efforts have been made to reunite the mother and child and said efforts have failed.
“4) The most appropriate permanency plan is adoption.”
(Emphasis added.) Neither of the above findings challenged by the mother is an adjudication of grounds from which an appeal would lie.
First, as to the finding by the trial court regarding the efforts made to date by DHR to reunite the mother and the children, this was simply a finding as to an historical fact. DHR had made efforts at reunification up to that point, and those efforts had failed. As to the mother, the January 3, 2012, orders contain no language expressly relieving DHR of its legal obligation to make reasonable efforts toward her rehabilitation and reunification with the children going forward. The Court of Civil Appeals concluded that a finding that DHR is statutorily relieved of its obligation to make reasonable efforts to reunite the mother with her children is implicit in the January 3, 2012, orders; we do not agree. The trial court found only that “[rjeasonable efforts have been made to reunite the mother and child and said efforts have failed,” a finding that did not relieve DHR of continuing those reasonable efforts and a finding that was not an adjudication of substantive rights from which an appeal would lie.[1]
Second, the trial court’s announcement of a new permanency plan, i.e., adoption, does not adjudicate any rights of the mother and, more particularly, does not relieve DHR from the burden of proving at the time of any subsequent termination hearing that all the elements necessary under our statutes for any such termination are in place. See, e.g., Ex parte T.V., 971 So.2d 1, 5 (Ala.2007) (quoting D.O. v. Calhoun Cnty. Dep’t of Human Res., 859 So.2d 439, 444 (Ala.Civ.App.2003)). Under the facts of this case, the announcement of adoption as the permanency plan as presented in the trial court’s orders was in the nature of an administrative matter and did not of itself actually constitute an adjudication of any right of the mother from which an appeal would lie. F.V.O., 145 So.3d at 24 (Thompson, P.J., dissenting).
After considering the record in this case, the briefs of the parties, the main opinion of the Court of Civil Appeals, and Presiding Judge Thompson’s dissent, we conclude that the orders entered by the trial court on January 3, 2012, as to the mother are not final judgments. See Ex parte T.C., 96 So.3d 123, 129-30 (Ala.2012). Both arguments presented by the mother — regarding the finding by the trial court as to the efforts made to January 3, 2012, by DHR to reunite the mother and the children and the announcement of a new permanency plan (i.e., adoption) — fail to adjudicate any rights of the mother from which an appeal would lie. We reverse the judgment of the Court of Civil *31 Appeals and remand the case for the Court of Civil Appeals to dismiss the mother’s appeal and to remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.
MOORE, C.J., and PARKER, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs specially.
STUART, BOLIN, and SHAW, JJ., dissent.
BRYAN, J., recuses himself.*

. We note that, as to the father, the trial court found that DHR was no longer required to make reasonable efforts to reunite the children with the father, thus relieving DHR of that obligation as to the father.