PITTMAN, Judge.
OY.P. (“the mother”) and O.G.B. (“the father”) appeal separately from an order of the Lauderdale Juvenile Court finding that reasonable efforts had been made by the Lauderdale County Department of Human Resources (“DHR”) to finalize the permanency plan regarding their child, M.Y. (“the child”), which recommended termination of their parental rights and adoption by the child’s current foster parents. We dismiss the appeals as being from a nonfinal judgment.
DHR filed a petition for custody of the child on June 24, 2010. DHR also filed a custody affidavit and a request for a pickup order for the child on that date. The juvenile court signed a pickup order for the child and, following a shelter-care hearing, transferred pendente lite custody of the child to DHR. A court appointed special advocate was appointed to represent and protect the child’s best interests. On October 4, 2010, the juvenile court entered an order finding the child dependent.
On June 26, 2012, the juvenile court entered an order approving the permanency plan recommending termination of parental rights and adoption by the current foster parents. On September 14, 2012, the mother filed a motion requesting that the juvenile court award her money for the purpose of translating from Spanish to English a report regarding a home study that had been completed on her home in Guatemala; the juvenile court granted that request. On December 14, 2012, the juvenile court entered a judicial-review order stating that it had reviewed the child’s situation and that, based on a court report prepared by DHR and dated December 13, 2012, reasonable efforts toward reunification had been made and the most appropriate plan was termination of parental rights and adoption by the current foster parents. On June 27, 2013, the juvenile court entered a permanency-hearing order finding that reasonable efforts had been made by DHR to finalize the permanency plan of termination of parental rights and adoption by the current foster parents. The mother filed a notice of appeal (appeal no. 2120850) on July 2, 2013, regarding the June 27, 2013, order. The father filed a notice of appeal (appeal no. 2120875) on July 11, 2013. The appeals were consolidated by this court.
Both the mother and the father argue on appeal, among other things related to the June 27, 2013, order, that the juvenile court erred in approving DHR’s permanency plan of termination of parental rights with adoption of the child.
“Even though this issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. ‘“Jurisdictional matters are of such importance that a court may take notice of them ex mero motu.’” Naylor v. Naylor, 981 So.2d 440, 441 (Ala.Civ.App.2007) (quoting McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004)). ‘The question whether a judgment is final is a jurisdictional question, and the *1083 reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.’ Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006) (citing Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App. 1979)). ‘[A] final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.” ’ Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ. App.1986)).”
Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008).
In Ex parte F.V.O., 145 So.3d 27, 32 (Ala.2013), the Alabama Supreme Court determined that orders entered by the Coffee Juvenile Court after a dispositional-review hearing in a dependency case were nonfinal judgments. In that case, the Coffee Juvenile Court had approved changing the permanency plan to adoption. 145 So.3d at 28. The supreme court determined that the announcement of a new permanency plan “was in the nature of an administrative matter and did not of itself actually constitute an adjudication of any right of the mother from which an appeal would lie.” 145 So.3d at 30. In the present case, the appeals of the mother and the father are taken from a permanency-hearing order entered on June 27, 2013; that order merely continued the permanency plan that had been previously approved and instituted on June 26, 2012. In accordance with F.V.O., the determination in the June 27, 2013, order was “in the nature of an administrative matter” and, as argued by DHR, did not constitute an adjudication of the rights of the mother or the father from which an appeal would lie. We therefore dismiss the appeals of the mother and the father as being from a nonfinal judgment.
2120850 — APPEAL DISMISSED.
2120875 — APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.