MOORE, Judge,
concurring specially.
Toward the end of the hearing, W.A. (“the father”) moved the Calhoun Juvenile Court (“the juvenile court”) to dismiss the petition to terminate his parental rights on the ground that the Calhoun County Department of Human Resources (“DHR”) had not used reasonable efforts to rehabilitate him and to reunite the family. The juvenile court denied that motion, stating:
“And I note for the record that on February 18th, 2015, there was a disposi-tional review, the state was present as well as both parents, as well as both attorneys. And the most appropriate plan that was stated for the record was relative placement, relative custody and/or adoption and reasonable efforts have been made at this time to reunite. And there was no mention on the record of any objection by either parent’s attorney as to the permanency plan and/or objection to the, or argument as to the reasonable efforts being provided by the department at that time. So [father’s] motion is denied.... ”
The juvenile court apparently took the position that the father had waived his argument by failing to object to the factual determination made by the juvenile court in an earlier proceeding that DHR had made reasonable efforts. However, in Ex parte F.V.O., 145 So.3d 27 (Ala.2013), the supreme court held that a permanency order changing the permanency plan from family reunification to adoption with termination of parental rights based on a factual finding that DHR had made reasonable family-reunification efforts and that those efforts had failed does not constitute an adjudication of the issue of the reasonableness of DHR’s efforts that would support an appeal. Accordingly, a parent apparently can raise the issue of the reasonableness of DHR’s parental-rehabilitation efforts in a termination-of-parental-rights proceeding and on appeal from a judgment terminating parental rights even though the parent never stated any objection to DHR’s efforts throughout the rehabilitation process itself.
As noted in the main opinion in F.V.O. v. Coffee County Department of Human Resources, 145 So.3d 11 (Ala.Civ.App.2012), which I authored and which the supreme court reversed in Ex parte F.V.O., supra, the legislature intended that parents should litigate the reasonableness of DHR’s efforts to reunite the family during the dependency proceedings when the juvenile court is actually overseeing the rehabilitation process. In establishing the requirement of annual permanency hearings in DHR cases like this one, the legislature gives parents a presumptively reasonable time of one year to rehabilitate themselves. See M.A.J. v. S.F., 994 So.2d 280 (Ala.Civ.App.2008). If, as required by § 12-15-312, Ala.Code 1975, DHR is not assisting the parents with reasonable efforts during that period, the parent should bring that matter to the attention of the juvenile court so that it can redirect DHR as necessary and assure compliance with *855 the time constraints intended by the legislature.
In this case, the juvenile court found that the father had not raised any objection to the reasonableness of DHR’s rehabilitation efforts throughout the earlier dependency proceedings. However, based on the holding in Ex parte F.V.O., supra, that failure did not prevent the father from raising the issue for the first time in the termination-of-parental-rights proceeding, one year after DHR had acquired custody of the child. I agree with the holding of this court that DHR did not make reasonable efforts to rehabilitate the father, but I write specially to point out that the procedure used to reach that decision unduly prolongs the rehabilitation process and frustrates the legislative objective to timely resolve these cases. The juvenile court will now have to restart the rehabilitation process 18 months into the child’s out-of-home placement, a delay that could easily have been avoided if the law required the father to raise his objection in a timely manner as the legislature intended.