MOORE, Judge.
F.V.O. (“the mother”) appeals from permanency orders entered by the Coffee Juvenile Court (“the juvenile court”) in which the juvenile court, among other things, determined that the Coffee County Department of Human Resources (“DHR”) “shall no longer be required” to use reasonable efforts to reunite the mother with M.H., A.H., and B.H. (“the children”). We affirm the juvenile court’s orders.

Procedural History

DHR filed separate dependency petitions relating to the children on April 10, 2009, following allegations that M.H., who was then six years old, had been sexually abused. That same date, the juvenile court awarded legal custody of the children to DHR, who placed the children in foster care. After E.H.A, (“the father”) was implicated as the perpetrator of the sexual abuse, the juvenile court adopted a plan to reunite the children solely with the mother. On January 3, 2012, the juvenile court entered orders in the three dependency actions indicating that reasonable efforts to reunite the children with the mother had failed. The mother appealed from those orders. After this court affirmed the orders, F.V.O. v. Coffee Cty. Dep’t of Human Res., 145 So.3d 11 (Ala. Civ.App.2012), our supreme court reversed this court’s judgment and remanded the cause with instructions that this court dismiss F.V.O.’s appeal as arising from nonfi-nal judgments. Ex parte F.V.O., 145 So.3d 27, 30-31 (Ala.2013). Pursuant to that directive, this court dismissed the appeal and remanded the cases to the juvenile court for further proceedings. F.V.O. v. Coffee Cty. Dep’t of Human Res., 145 So.3d 41 (Ala.Civ.App.2013). On remand, the juvenile court conducted a series of ore tenus hearings, culminating in the entry, on May 15, 2015, of orders (“the permanency orders”) in the three dependency *461 actions that relieved DHR of the duty to exert reasonable efforts to reunite the children with the mother pursuant to Ala. Code 1975, § 12-15-312(c)(l). On May 29, 2015, the mother filed a motion to alter or amend the permanency orders, which the juvenile court denied on June 2, 2015. The mother timely appealed.

Analysis

Although the mother appeals from the May 15, 2015, permanency orders, in her appellant’s brief to this court the mother does not argue that the juvenile court committed any error by relieving DHR of the duty of making reasonable efforts to reunite the mother with the children, which was the only issue adjudicated in those orders. In her brief, the mother argues:
“DHR failed and refused to make reasonable efforts to reunite the mother with the children. The [juvenile] court’s finding in its orders entered on January 3, 2012, that reasonable efforts had been made to reunite the mother with her children, and that those efforts had failed, is not supported by the evidence. The [juvenile court] failed to issue an Order stating that reasonable efforts [shall] no longer be required until May 15, 2015.... Therefore, DHR was under an obligation to make efforts towards reunification [until that time] and DHR blatantly refused to so.”
(Emphasis added.) That argument focuses entirely on the reasonableness of DHR’s efforts to reunite the family before May 15, 2015, and the correctness of the juvenile court’s January 3, 2012, orders finding that DHR had made reasonable reunification efforts. Notably, the juvenile court did not make any finding in the May 15, 2015, permanency orders that DHR had made reasonable efforts to reunite the family and that those efforts had failed.
In Ex parte F.V.O., supra, our supreme court held that the mother could not appeal from the January 3, 2012, orders because the juvenile court had not adjudicated any issue regarding the reasonableness of DHR’s family-reunification efforts or the success of those efforts. The supreme court determined that the juvenile court’s finding that “ ‘[reasonable efforts have been made to reunite the mother and child and said efforts have failed’ ” was “simply a finding as to an historical fact,” not “an adjudication of substantive rights from which an appeal would lie.” 145 So.Sd at 30. Because the January 3, 2012, orders were not final judgments, the supreme court directed this court to dismiss the appeal. 145 So.3d at 31. In Ex parte F.V.O., the supreme court implied that the mother could appeal from an order containing “language expressly relieving DHR of its legal obligation to make reasonable efforts toward [the mother’s] rehabilitation and reunification with the children..,. ” 145 So.2d at 30. But the supreme court meant only that the mother could appeal the termination of DHR’s legal duty to make reasonable efforts, not that she could raise in that appeal the separate issue of the reasonableness of the efforts DHR had made, which had been addressed, but not adjudicated, in the January 3, 2012, orders.
At this point, according to the reasoning in Ex parte F.V.O., the juvenile court has not yet adjudicated whether DHR made reasonable family-reunification efforts and whether those efforts have failed. Although the children have now been in foster care for over seven years, those issues apparently will have to be adjudicated if and when the juvenile court hears a petition to terminate the parental rights of the mother, see W.A. v. Calhoun Cty. Dep’t of Human Res., 211 So.3d 849, 854-55 (Ala. Civ.App.2016) (Moore, J,, concurring specially), so we do not express any opinion on those points. The May 15, 2015, permanency orders adjudicated only the question *462 whether DHR had a duty to make reasonable efforts going forward. The mother has not made any argument as to the correctness of the determination that DHR no longer has such a duty, so this court concludes that the mother has waived all errors relating to the permanency orders, see Robino v. Kilgore, 838 So.2d 366, 370 (Ala.2002), which, as a consequence, must be affirmed. See N.T. v. P.G., 54 So.3d 918, 921 (Ala.Civ.App.2010).
2140807—-AFFIRMED.
2140808—AFFIRMED.
2140810—AFFIRMED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.