The parties were divorced in 1997. The mother was awarded custody of the parties' two children, and the father was ordered to pay child support. On November 22, 2000, the father moved to modify the divorce judgment, requesting custody of the parties' 10-year-old daughter. The older child, a son, had reached the age of majority when the petition for modification was filed. After a hearing, the trial court granted the relief sought by the father and awarded him custody of the daughter. The mother appeals. We dismiss the appeal as being from a nonfinal order.
The trial court's December 14, 2000, order purporting to modify custody states: "Child support to be paid by [the mother] to [the father] shall be determined upon the prompt submission of Child Support Income Affidavits (CS-41) by the parties." The record contains no further submissions or orders of the court relating to child support.
An appeal ordinarily lies only from a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). An order is generally not final unless it disposes of all claims or the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003, 1004
(Ala.Civ.App. 1987) (emphasis added). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. Bean, 557 So.2d at 1253. Because the trial court's order did not dispose of the matter of child support, it is not final, and this court cannot now reach the merits of this case.
APPEAL DISMISSED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.