DONALDSON, Judge.
Trista Lynn Hamm Rogers (“the former wife”) petitions, this court for the writ of mandamus directing Judge Terry Dempsey, judge of the Franklin Circuit Court (“the trial court”), to grant her motion to recuse himself from further presiding over the underlying case. For the reasons set forth below,, we deny the former wife’s petition.

Background

.On January 9, 2014, Robert I. Rogers III (“the former husband”) filed a complaint in the trial court seeking a divorce from the former wife. The trial-court clerk docketed the case as circuit-court case number DR-14-900007 (“the divorce case”), and the case was assigned to Judge Dempsey.[1] The former wife filed a motion requesting Judge Dempsey to recuse himself from the divorce case. Although the former wife’s motion has not been submitted with the petition for a writ of mandamus, the body of the motion was included in other documents that the parties have provided this court. According to those documents, the former wife’s motion for recusal in the divorce case stated as follows:
“a. [The former husband] is the son of Bob Rogers, a practicing attorney who *861 has been active in the Franklin County legal community for in excess of thirty-five years.
“b. While [the former wife] would never question the impartiality of Judge Dempsey, it is anticipated that this case will go to trial over the custody issue. It is also anticipated that [the former husband’s father] will likely be called upon to testify on behalf of [the former husband].
“c. [The former wife] has concern that if [the former husband’s father] testifies on [the former husband’s] behalf that it might put the Court in an awkward position as it concerns deciding custody of the minor children.
“d. Because this Court knows [the former husband’s father] personally and due to his standing in the legal community and his likelihood of testifying on behalf of [the former husband], [the former wife] would respectfully ask that Judge Dempsey recuse himself from this matter and that the case be reassigned to an out of circuit judge for hearing.”
On May 6, 2014, Judge Dempsey granted the former wife’s motion and recused himself from the divorce case in a written order, stating in part:
“[T]he ends of justice require an appointment of another judge to preside over the proceedings of this case due to a conflict of interest. The undersigned, being the Circuit Judge of the 34th Judicial Circuit must recuse from further participation in the above referenced case, and requests the Administrative Office of Courts arrange the appointment of another judge to preside in this cause.”
On May 28, 2014, the chief justice of our supreme court entered an order appointing Judge Dennis O’Dell, judge of the Madison Circuit Court, to hear the divorce case.
On June 17, 2015, Judge O’Dell entered a final judgment of divorce incorporating a settlement agreement of the parties. Pursuant to the settlement agreement, the former wife and the former husband received joint custody of the parties’ two minor children, and neither party was ordered to pay child support. Neither party appealed from the judgment entered in the divorce case.
On or about June 14, 2016, the former husband filed a complaint in the trial court seeking to modify the custody and child-support provisions of the divorce judgment and to hold the former wife in contempt for violating certain provisions of the divorce judgment. The trial-court clerk docketed the former husband’s complaint as circuit-court ease number DR-14-900007.01 (“the postdivorce case”). The postdivorce ease was assigned to Judge Dempsey. On July 1, 2016, the former wife filed a motion in the postdivorce case requesting Judge Dempsey to recuse himself from that case. The former wife stated in the motion:
“1. [The former husband] is the son of ... a 40 year practicing attorney in Russellville, Franklin County, Alabama.
“2. The parties herein were divorced by way of the Judgment of Divorce entered on June [17], 2015. In that matter this Honorable Court recused itself from the case and the Supreme Court of Alabama reassigned the case to the Honorable Dennis O’Dell. The same facts supporting this Court’s decision to re-cuse at that time are once again present.
“3. While [the former wife] certainly does not question the impartiality of this Court it is once again certain that [the former husband’s father] will .be intimately involved in this matter and will most certainly be a witness in the case. In the original divorce action [the former husband’s father] attended the par *862 ties’ mediation and was very closely involved in the decision making process for his son. Even if he does not testify, he will be very closely involved with his son’s case.
“4. Once again [the former wife] has concern that [the former husband’s father’s] involvement in this matter will place the Court in an awkward position in deciding the merits of the ■ petition.
. “5. Because this Court knows [the fonner husband’s father] personally and because of his standing in the legal community and his intimate involvement in this case [the former wife] would respectfully move Judge Dempsey to re-cuse himself from this matter and that it be reassigned to an out of circuit judge for hearing.”
Judge Dempsey entered an order in the postdivorce case on July 5, 2016, denying the motion for recusal without any explanation.
On July 11, 2016, the former wife filed a petition for a writ of mandamus in this court seeking an order directing Judge Dempsey to recuse himself from the post-divorce case. This court called for answers. Judge Dempsey filed an answer on July 14, 2016. The former husband filed an answer on July 25, 2016.

Standard of Review

“A petition for the writ of mandamus is the usual method by which to seek review of a trial judge’s denial of a recusal motion. See Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996) (holding that a trial judge’s denial of a recu-sal motion can be challenged on appeal or in a petition for a writ of mandamus). ‘A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: (1) a' clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ Ex parte P & H Constr. Co., 723 So.2d 45, 47 (Ala.1998) (quoting Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). ‘The burden of proof is on the party seeking recusal.’ Ex parte Cotton, 638 So.2d 870, 872 (Ala.1994), abrogated on other grounds by Crawford, 686 So.2d at 198.”
Ex parte Dooley, 741 So.2d 404, 405 (Ala.1999).

Discussion

Canon 3(C)(1), Alabama Canons of Judicial Ethics, provides, in pertinent part, as follows:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
“(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
“(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.”
In her mandamus petition, the former wife contends that, because Judge Dempsey re-cused himself from the divorce, case, he is prohibited by law from taking any action in the postdivorce case. She also contends that, because the circumstances that required his recusal in the divorce case purportedly persist in the postdivorce case, his impartiality might reasonably be questioned if he was to hear the postdivorce *863 case or his hearing the case might result in an appearance of impropriety. Therefore, the former wife contends, she is entitled to a writ of mandamus directing Judge Dempsey to enter an order recusing himself from the postdivorce case.
I. Whether Disqualification was Required by Law
We first address the former wife’s argument that, as a matter of law, Judge Dempsey’s recusal in the divorce case precludes him from taking action in the post-divorce case. Our supreme court has held that, “in order to avoid the appearance of impropriety, ... after a judge presiding in a particular case has been disqualified from hearing that case, under the Canons of Judicial Ethics, either voluntarily or by objection, he or she can take no further action in that case.... ” Ex parte Jim Walter Homes, Inc., 776 So.2d 76, 80 (Ala.2000).
The former wife takes the position that the divorce case and the postdivorce case are the same case because both cases involve the same parties and substantially the same issues, i.e., child custody and child support. The former wife contends that, pursuant to the holding in Jim Walter Homes, Judge Dempsey is precluded from taking any action in the postdivorce case because he had recused himself from the divorce case. Therefore, we must determine whether the postdivorce case was a continuation of the divorce case or whether the former husband’s initiation of the postdivorce ease constituted the filing of a new action.
“The filing of a petition to modify a domestic-relations judgment is, for purposes of applying the rules of procedure, treated as the filing of a separate action.” Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000). “[A] petition to modify is a separate action that requires a proper filing, the payment of a filing fee, and service.” Farmer v. Farmer, 842 So.2d 679, 680 (Ala.Civ.App.2002)(citing Davidson, supra). “A proceeding to modify a final decree, such as a decree of divorce concerning monthly alimony payments, child support and child custody on the basis of a change of circumstances since the final decree, is a case within the meaning of the words ‘cases filed’ in § 12-19-71, [Ala.] Code 1975.” Opinion by the Clerk, No. 25, 381 So.2d 58, 59 (Ala.1980).
Thus, the former husband’s filing of the complaint seeking modification and enforcement of the divorce judgment initiated a new cause of action. The former husband paid a filing fee, the former wife was served with the summons and the complaint seeking modification and enforcement, and the trial-court clerk assigned the complaint a new case number containing a “.01” designator. Although the parties in both actions are identical, the postdivorce case is a separate and distinct action from the divorce case. Accordingly, Judge Dempsey was not automatically precluded by law under Jim Walter Homes from taking any action in the postdivorce case.
II. Impartiality
The former wife contends that she is entitled to a writ of mandamus directing Judge Dempsey to recuse himself from the postdivorce case on the basis that, under Canon 3(C)(1), Judge Dempsey’s impartiality might reasonably be questioned because, she argues, the circumstances necessitating his recusal in the divorce case persist in the postdivorce case.
“[A]ctual bias is not necessary for a judge to recuse—only a reasonable appearance of bias or impropriety.” Crowell v. May, 676 So.2d 941, 944 (Ala.Civ.App.1996).
*864 “Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when ‘facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.’ Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982). Specifically, the Canon 3(C) test is: Would a person of ordinary prudence in the judge’s position knowing all the facts known to the judge find that there is a reasonable basis for questioning the judge’s impartiality?’ Matter of Sheffield, 466 So.2d 350, 356 (Ala.1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality— whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala.1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir.1983).”
Ex parte Duncan, 638 So.2d 1332, 1334 (Ala.1994). Furthermore,
“‘[a] mere accusation of bias that is unsupported by substantial fact does not require the disqualification of a judge.’ Ex parte Melof, 553 So.2d [554] at 557 [ (Ala.1989) ] (emphasis omitted). Prejudice on the part of a judge is not presumed. Hartman v. Board of Trs. of the Univ. of Alabama, 436 So.2d 837, 841 (Ala.1983); Duncan v. Sherrill, 341 So.2d 946, 947 (Ala.1977); and Ex parte Rives, 511 So.2d 514, 517 (Ala.Civ.App.1986). ‘“[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea.’ ” Ex parte Balogun, 516 So.2d 606, 609 (Ala.1987) (quoting Fulton v. Longshore, 156 Ala. 611, 613, 46 So. 989, 990 (1908)).”
Baldwin v. Baldwin, 160 So.3d 34, 37 (Ala.Civ.App.2014).
“Judicial disqualification provisions typically do not prescribe the scope of disqualification, and courts have been reluctant to hold that a judge who is disqualified from presiding over a proceeding is forever barred from sitting in unrelated cases involving the same parties or counsel.”
Richard E. Flamm, Judicial Disqualification: Recusal and Disqualification of Judges § 22.9, p. 663 (2d ed.2007)(footnotes omitted).
In the divorce case, the former wife filed a motion for Judge Dempsey recuse himself on the bases that the former husband’s father is a licensed attorney who has practiced law in Franklin County over several decades, that the former husband’s father was expected to be a witness, and that Judge Dempsey knows the former husband’s father personally. Judge Dempsey entered an order of recusal in the divorce case stating generally that “the ends of justice requirefd]” his recusal from that case. In her petition to this court, the former wife contends that Judge Dempsey’s recusal is necessary in the postdi-vorce case because, as in the divorce case, the former husband’s father is a potential witness and the former husband’s father “remains influential in his son’s life and in his son’s decision making process.... ” The former wife also contends in her petition that the former husband’s father has “longstanding influence in the Franklin County legal community and most assuredly has some relationship with Judge Dempsey.” She contends that, because the circumstances that resulted in Judge Dempsey’s granting her motion to recuse .himself in the divorce case persist in the postdivorce case, Judge Dempsey should be required to recuse himself in the postdi- *865 vorce case to avoid the appearance of impropriety.
In support of her position, the former wife cites Ex parte Balogun, 516 So.2d 606 (Ala.1987). At issue in Balogun, a case involving a divorce, was whether the trial judge had shown bias or impartiality by turning over to law enforcement certain documents that had been marked for identification at trial and that “allegedly [involved one of the parties], the Macon County Dog Track, and unethical or criminal conduct....” 516 So.2d at 608. The party allegedly implicated by the documents argued that the trial judge had indicated bias by turning over the documents to the law-enforcement agencies and requested that the trial judge recuse himself from the case. Id. On the advice of the Judicial Inquiry Commission (“JIC”), the trial judge denied the motion to recuse on the basis that the disclosure of the documents to law enforcement would not appear to impact his impartiality. Id. Our supreme court agreed “that merely turning over the documents to the law enforcement agencies was insufficient to meet the burden on petitioner to prove ‘substantial bias.’” Id. at 610, The supreme court, however, noted that the trial judge had recused in two previous cases involving the Macon County Dog Track (“the dog track”). _ Id. The supreme court quoted directly from the trial judge’s order recus-ing himself from the two previous cases in which the trial judge acknowledged that he had been involved with the issue of legalized dog racing in both a legal and political context and that his position on the issue had been publically known. Id. The supreme court held that it was unnecessary to find actual bias of the trial judge in view of the reasons stated in the recusal order, because, the supreme court stated, .
“[h]is own refusal to hear two prior cases involving the ... dog track due to his prior involvement in both the political and legal aspects of the issue, as well as his known public position on the issue, are sufficient. -We simply conclude that the facts are such that a person of ordinary prudence could reasonably question [the trial judge’s] impartiality. See Bryars v. Bryars, 485 So.2d 1187 (Ala.Civ.App.1986). ‘ Based on [the trial judge’s] past conduct of recusing himself and his own words, we conclude that petitioner’s burden of proof is met.”

Id.

The circumstances in. the present casé, however, differ from those in Balogun. In Balogun, the supreme court concluded that a reasonable person could question the trial judge’s impartiality- to hear the subsequent case not only because of his previous recusals from two cases in-which the dog track was a party but also because the-trial judge had made written statements in those cases that he had taken a public position on issues involving the dog track. We note that, in the present case, there is no evidence indicating that Judge Dempsey has made public comments, regarding either party or about the'former husband’s father, has expressly or impliedly shown any bias for or against either party, or has acted or failed to act in any manner that would give the appearance of impropriety. !
“[A] judge’s recusal in a prior case involving a party is not alone sufficient for disqualification in. a later case involving that party.” Communities for Equity v. Michigan High Sch, Athletic Ass’n, 459 F.3d 676, 699 (6th Cir.2006)(summarizing the holding in Person v. General Motors Corp., 730 F.Supp. 516, 518-19 (W.D.N.Y.1990)), The party moving for recusal of the trial judge must still present substantial evidence showing that it is “ ‘reasonable for members of the public or a party, or counsel opposed to *866 question the impartiality of the judge.”’ Ex parte Duncan, 638 So.2d at 1334 (quoting Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982)). A person of ordinary prudence could recognize that the circumstances and conditions that required a judge to recuse himself or herself in a case might not be present or applicable in a subsequent case involving the same party or parties. A reasonable, prudent person could understand that the passage of time could mitigate or completely alleviate the circumstances or conditions that required the judge to recuse himself or herself in the previous proceeding. See United States v. Balistrieri, 779 F.2d 1191, 1216 (7th Cir.1985)(holding that recusal in a subsequent case was not required when, after the passage of five years from the trial judge’s previous recusal in an earlier case involving a party, there was insufficient evidence indicating that the trial judge was actually biased against a party), overruled on procedural grounds by Fowler v. Butts, 829 F.3d 788 (7th Cir.2016). See also United States v. Merkt, 794 F.2d 950, 960 (5th Cir.1986)(holding that a trial judge who had recused himself in a previous case involving a party was not required to recuse himself in a subsequent case involving that party when the evidence failed to show that the trial judge’s impartiality might reasonably be questioned or that he had a personal bias or prejudice against either party in the subsequent case).
In the present case, Judge Dempsey did not explain the reason why the former wife’s motion for recusal in the postdivorce case was denied in the order entered on July 5, 2016. In his answer to the former wife’s petition for a writ of mandamus in this court, Judge Dempsey stated the following reasons for the denial:
“The Trial Court denied the Motion for Recusal in this case. The Trial Court previously recused from the original divorce. In the present action, approximately two years have passed since the original action. It is the Court’s understanding that it must assess the case to see if it should recuse again and cannot automatically recuse itself without consideration.
“The reason supporting the Motion for Recusal is that [the former husband] is the adult son of an attorney practicing before this trial judge. This attorney was practicing very little before the Court at the time of the original recusal. Two years have passed since the recusal and the attorney has very rarely been in Court. If there was a reason for recusal in the beginning, the passage of time has negated it in the Court’s opinion.”
Judge Dempsey also stated in his answer that his decision to deny the former wife’s motion for recusal was guided by advisory opinions of the JIC, which state that “the mere fact that a party to a proceeding is an attorney who regularly practices before the judge does not cause disqualification of the judge.” JIC Advisory Opinion No. 03-814 (May 2, 2003)(citing JIC Advisory Opinion No. 82-136 (April 8, 1992), and JIC Advisory Opinion No. 98-701 (June 6, 1998)). It follows that the mere fact that an attorney who had regularly practiced before a judge is related to a party to a proceeding does not require the recusal of the judge.
We conclude that, based on the materials submitted to this court, the former wife has not produced substantial evidence to sustain her burden of proving whether a reasonable person could question Judge Dempsey’s impartiality and whether there is an appearance of impropriety. Judge Dempsey, upon the filing of the former wife’s motion for recusal, properly considered whether recusing himself from the postdivorce case was necessary under Can *867 on 8(C)(1). Judge Dempsey’s previous re-cusal in the divorce case, alone, is not sufficient to mandate his recusal in the postdivorce case. Judge Dempsey, as stated in his answer filed in this court, concluded that the circumstances that compelled him to recuse himself from the divorce case were no longer present in the postdivorce case. Furthermore, we note that the former wife’s motion for recusal filed in the postdivorce case stated only that the involvement of the former husband’s father in the postdivorce case might place Judge Dempsey in “an awkward position in deciding the merits of the petition.” The standard for recusal is not whether the trial judge will be placed in an awkward position, but “whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality—whether there is an appearance of impropriety.” Ex parte Duncan, 638 So.2d at 1334. The former wife has not presented sufficient evidence to meet this standard. “ ‘[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea.’ ” Ex parte Balogun, 516 So.2d at 609 (quoting Fulton v. Longshore, 156 Ala. 611, 613, 46 So. 989, 990 (1908)).

Conclusion

“Mandamus will he to compel a judge’s recusal only when there is sufficient evidence to call into question the impartiality of the judge.” Ex parte Bank of Am., N.A., 39 So.3d 113, 120 (Ala.2009). Judge Dempsey was not precluded by Jim Walter Homes, supra, from taking action in the postdivorce case. Furthermore, because the evidence is not sufficient to call Judge Dempsey’s impartiality into question or to show the appearance of impropriety, so as to require recusal, the former wife has not shown a clear legal right to the writ of mandamus. Accordingly, we deny the former wife’s petition.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. - Franklin County is located in the 34th Judicial. Circuit. § 12-11-2, Ala.Code 1975.- By law, the 34th Judicial Circuit is allotted one circuit judge. See § 12-17-20, Ala.Code 1975, Therefore, Judge Dempsey is the only circuit judge sitting in that circuit.