DONALDSON, Judge.
Michael C. Skipper ("the father") appeals from a judgment of the Houston Circuit Court ("the trial court") denying his petition to modify a custody judgment. We dismiss the appeal as having been taken from a nonfinal judgment.
The father and Tiffany L. Skipper ("the mother") were divorced by a judgment entered by the trial court in April 2010 ("the 2010 judgment"). Pursuant to the 2010 judgment, the mother and the father shared joint legal custody of their minor child ("the child") with the mother designated as having sole physical custody.[1] The *683 father was given visitation rights and was ordered to pay child support. The 2010 judgment provided that the parents could claim the child as a dependent for income-tax purposes in alternating years.
On June 27, 2016, the father filed a petition in the trial court seeking to modify the provision of the 2010 judgment addressing the physical custody of the child. On July 26, 2016, the father amended his petition by seeking to have the mother held in contempt for denying him visitation with the child. On August 29, 2016, the mother filed an answer and a counterclaim seeking to change the visitation-exchange location, to bar the father's father from having contact with the child, to recalculate the amount of child support owed by the father, and to claim the child as a dependent for income-tax purposes in all tax years.
On February 6, 2017, the trial court held a hearing. In an order entered on February 10, 2017, the trial court denied the father's petition for a custody modification but, nevertheless, amended the previous custody and visitation provisions of the 2010 judgment. The February 10, 2017, order also noted that the mother had requested a recalculation of child support and stated: "Within 14 days father shall submit a child support income affidavit to the court, minimum wage shall be imputed to the mother." The record contains no further submissions of the father or orders of the court relating to child support. On February 24, 2017, the father filed a motion he described as a "Rule 59 Motion to Alter, Amend or Vacate," and he filed an amendment to the motion on April 10, 2017.[2] The father's motion was denied on May 4, 2017. The father filed a notice of appeal on June 9, 2017.
On November 6, 2017, after the completion of the record on appeal, this court issued an order requesting letter briefs from the parties on the issue whether this appeal was taken from a final judgment. Specifically, we stated:
"The trial court's order dated February 10, 2017, notes that the mother requested relief including a 'recalculation of child support' and orders the father to 'submit a child support income affidavit to the [trial] court' within 14 days of that order. The order states that 'minimum wage will be imputed to the mother.' The record on appeal contains no further orders addressing that issue. The parties are requested to submit letter briefs to this court within 7 days addressing whether the trial court's judgment dated February 10, 2017, is final and will support an appeal. See, e.g., Tomlinson v. Tomlinson, 816 So.2d 57 (Ala. Civ. App. 2001)."
On November 20, 2017, after obtaining an extension, the father submitted his letter brief. In his letter brief, the father argues that, by ordering him to submit a "Child-Support-Obligation Income Statement/Affidavit" ("CS-41 form"), the trial court effectively modified the child-support obligation, which, he asserts, is "unjustified in this matter," therefore resulting in the trial court's order being a final adjudication of all matters between the father and the mother. The mother did not respond to our request for letter briefs.
" '[M]atters of jurisdiction are of such importance that a court may consider them ex mero motu.' "
*684 Exum v. Exum, 232 So.3d 883, 884 (Ala. Civ. App. 2017) (quoting Reid v. Reid, 844 So.2d 1212, 1214 (Ala. Civ. App. 2002) ).
"An appeal ordinarily lies only from a final judgment. Ala. Code 1975, § 12-22-2 ; Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). An order is generally not final unless it disposes of all claims or the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003, 1004 (Ala. Civ. App. 1987).... The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253."
Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala. Civ. App. 2001).
"The trial court in Tomlinson [v. Tomlinson, 816 So.2d 57 (Ala. Civ. App. 2001),] ... had modified a prior custody judgment, had directed the parties to submit CS-41 forms, and had stated that a child-support award would be made after submission of those forms. The mother in Tomlinson, however, appealed before the trial court had entered any further orders regarding child support. Because the issue of child support had not been resolved, this court dismissed the appeal as having been taken from a nonfinal judgment. 816 So.2d at 58."
Exum, 232 So.3d at 884. Similar to Tomlinson, the trial court in the present case ordered the father to submit "a child support income affidavit" pursuant to Rule 32, Ala. R. Jud. Admin. The record contains no further orders addressing the child-support issue and no additional submissions by the father. The mother's claim for child support therefore remains pending, and we have no jurisdiction over this appeal.
Because the trial court's February 10, 2017, order did not adjudicate all of the parties' claims, that order is not a final judgment, and this court has no jurisdiction to consider the father's appeal. "This court must dismiss an appeal taken from a nonfinal judgment." Wilson v. Glasheen, 801 So.2d 848, 849 (Ala. Civ. App. 2001) (citing Powell v. Powell, 718 So.2d 80 (Ala. Civ. App. 1998) ).
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

Although the 2010 judgment described the mother as having "primary" physical custody, we interpret that provision as granting sole physical custody of the child to the mother. Smith v. Smith, 887 So.2d 257, 261-62 (Ala. Civ. App. 2003).

Because the February 10, 2017, order is not final, Rule 59, Ala. R. Civ. P., is not applicable. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003).