DONALDSON, Judge.
Trista Lynn Rogers ("the mother") appeals from judgments of the Franklin Circuit Court ("the trial court") granting Robert Rogers III ("the father") sole physical custody of G.L.R. and L.A.R. ("the children") and child support from the mother. The mother filed a motion to alter, amend, or vacate the judgments pursuant to Rule 59, Ala. R. Civ. P., and requested a hearing. The trial court denied the motion without conducting the requested hearing. Because we determine that at least a portion of the postjudgment motion had probable merit, we reverse the order denying the motion and remand the cause for a hearing to be held on the mother's motion.
Facts and Procedural History
On June 17, 2015, the trial court entered a judgment divorcing the parties. The divorce judgment, which incorporated an agreement reached by the parties, granted the parties joint legal and physical custody of the children. On June 14, 2016, the father filed a complaint seeking modification of the divorce judgment to obtain sole legal and physical custody of the children, child support from the mother, and a finding of contempt against the mother for noncompliance with the divorce judgment. The mother filed an answer and a counterclaim seeking sole legal and physical custody of the children, child support from the father, and a finding of contempt against the father. A guardian ad litem was appointed to represent the children's interests.
On July 1, 2016, the mother filed a motion requesting that Judge Terry Dempsey, who had been presiding over the case, recuse himself. On July 5, 2016, the trial court entered an order denying the motion to recuse. On July 11, 2016, the mother filed a petition for a writ of mandamus to this court seeking an order directing Judge Dempsey to recuse himself. This court denied the mother's petition, holding that, even though Judge Dempsey had previously recused himself in the parties' divorce action, the present action was a separate case and the mother had not demonstrated a clear legal right to the *842 recusal of Judge Dempsey in this action. Ex parte Rogers, 218 So.3d 859, 867 (Ala. Civ. App. 2016).
On August 2, 2016, the parties reached a mediated agreement regarding the father's visitation pending the outcome of the case. The parties did not reach an agreement as to the other issues in the case.
On March 23, 24, and 27, 2017, the trial court conducted a hearing in which it received ore tenus testimony. At the time of the hearing, G.L.R. was seven years old and L.A.R. was five years old. During the hearing, the parties presented testimony regarding the issue of the custody of the children. Although the mother submitted a "Child-Support-Obligation Income Statement/Affidavit" ("CS-41 form"), the father did not submit a CS-41 form or present testimony as to his income.
On April 17, 2017, the guardian ad litem filed a report of her findings in the case. In the report, the guardian ad litem recommended modifying the divorce judgment to grant the father sole physical custody of the children with visitation to the mother and to order the mother to pay the father child support. On April 21, 2017, the mother filed a motion to strike the guardian ad litem's report. On April 23, 2017, the trial court entered an order denying the mother's motion to strike.
On May 3, 2017, the trial court entered a judgment that granted the father sole physical custody of the children with visitation to the mother. In the judgment, the trial court stated: "The Court reserves jurisdiction to set child support. The father did not submit an income affidavit and the Court does not feel comfortable computing child support without the affidavit. The mother has already submitted an affidavit." The trial court denied all other relief not addressed in the judgment.
On May 31, 2017, the mother filed a motion to alter, amend, or vacate the May 3, 2017, judgment. On June 23, 2017, the father filed a motion seeking a judgment regarding child support. The father attached to his motion a CS-41 form and a copy of a paycheck stub.
On August 7, 2017, the trial court entered a judgment ordering the mother to pay $699 a month to the father as child support. Later on the same day, the trial court entered an order denying the mother's May 31, 2017, motion.
On September 5, 2017, the mother filed a motion to alter, amend, or vacate the May 3, 2017, judgment and the August 7, 2017, judgment, requesting a hearing on the motion. In her motion, the mother argued that the trial court had lacked subject-matter jurisdiction to enter the August 7, 2017, judgment and that, if the trial court did have jurisdiction, the entry of the judgment without the opportunity to rebut the information in the father's CS-41 form denied the mother due process. Among other arguments, the mother also argued that insufficient evidence supported the grant of child support to the father and the change in custody. The mother further argued that the lack of opportunity to cross-examine the guardian ad litem about the findings contained in the guardian ad litem's report infringed on the mother's due-process rights.
On September 8, 2017, the trial court entered an order denying the mother's September 5, 2017, motion. On September 14, 2017, the mother filed a notice of appeal to this court. We have jurisdiction pursuant to § 12-3-10, Ala. Code 1975.
Discussion
I.
We first consider the mother's argument that the trial court lacked subject-matter jurisdiction to enter the August 7, 2017, judgment ordering the mother to pay child support. The mother argues that, because, in the May 3, 2017, judgment, the trial court reserved ruling on the child-support *843 issue, that judgment was final and that, after 30 days had passed, the trial court lacked jurisdiction to enter the August 7, 2017, judgment.
"A final judgment is one that completely adjudicates all matters in controversy between the parties." Wilson v. Glasheen, 801 So.2d 848, 849 (Ala. Civ. App. 2001). " '[A] trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment' " if a motion pursuant to Rule 59, Ala. R. Civ. P., has not been filed.[1] Burgoon v. Burgoon, 846 So.2d 1096, 1097 (Ala. Civ. App. 2002) (quoting Henderson v. Koveleski, 717 So.2d 803, 806 (Ala. Civ. App. 1998) ). However, a judgment that does not adjudicate all the parties' claims is not final, and such a judgment "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b), Ala. R. Civ. P. In this case, the father's claim for child support remained pending after the entry of the May 3, 2017, judgment. "Where a party has requested child support and the trial court's purported judgment contains no conclusive assessment of the child-support obligation, the trial court has not completely adjudicated the matters in controversy between the parties." Anderson v. Anderson, 899 So.2d 1008, 1009 (Ala. Civ. App. 2004). Therefore, the May 3, 2017, judgment was not final, and the trial court did not lose jurisdiction 30 days after its entry.[2] See Wilson v. Glasheen, 801 So.2d at 849 (holding that an order was not final because it did not adjudicate a party's child-support claim).
In support of her argument, the mother cites Parker v. Parker, 946 So.2d 480 (Ala. Civ. App. 2006), in which this court held that a judgment was final even though the trial court had reserved ruling on the issue of child support. We stated that "the trial judge ha[d] 'reserved' ruling on the issue of child support because of the mother's apparent lack of income." 946 So.2d at 486. We noted that, unlike the judgment in Tomlinson v. Tomlinson, 816 So.2d 57 (Ala. Civ. App. 2001), in which we held the judgment was final, the trial court had not reserved ruling on child support "pending the occurrence of some specific event, like the submission of child-support forms." Id. This court determined that the purported "reservation" of child support was, in effect, an order that child support was not to be paid based on the facts presented and that such a "reservation" was essentially a recognition that the father could seek a grant of child support in the future if circumstances changed. Accordingly, we stated that "the purported 'reservation' of the issue of child support does not change the fact that the trial court's judgment does not award child support; therefore, it is as final as any child-support judgment can be." Id.
The mother asserts that the May 3, 2017, judgment is final like the judgment in Parker because it reserves ruling on the child-support issue without referring to a pending event such as a future hearing or *844 the submission of a CS-41 form. However, in Parker, the trial court denied the requested relief, i.e., did not grant child support, because the mother, the noncustodial parent, was unemployed. The evidence in this case indicates that both parties were employed at the time of the hearing, and the trial court's reservation of the issue did not amount to denial of the relief. See Lowe v. Lowe, 85 So.3d 1023, 1025 n.2 (Ala. Civ. App. 2011) (distinguishing judgment that reserved ruling on child-support issue from judgment in Parker because there was no indication that noncustodial party was unemployed or lacked sufficient income to pay child support). As asserted in his complaint, the father's child-support claim was before the trial court, and the trial court specifically stated that it was not ruling on the child-support issue because it lacked the father's CS-41 form. We cannot conclude that the trial court's reserved ruling amounted to a final adjudication denying the grant of child support to the father.
II.
The mother contends that denying her postjudgment motion without a hearing constitutes reversible error. The mother requested a hearing on her postjudgment motion filed on September 5, 2017. Rule 59(g), Ala. R. Civ. P., provides, in part, that a postjudgment motion "shall not be ruled upon until the parties have had opportunity to be heard thereon." The trial court did not conduct the requested hearing before denying the postjudgment motion in its September 8, 2017, order.
" 'Generally, when a party requests a hearing on a postjudgment motion [pursuant to Rule 59 ], the court must grant that request.' Mobile Cnty. Dep't of Human Res. v. C.S., 89 So.3d 780, 784 (Ala. Civ. App. 2012). Rule 59(g), Ala. R. Civ. P., provides that a postjudgment motion 'shall not be ruled upon until the parties have had opportunity to be heard thereon.'
" 'Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. For example, if an appellate court determines that there was no probable merit to the motion, it may affirm based on the harmless-error rule. See Rule 45, Ala. R. App. P.; and Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala. 1993) ("failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it 'probably injuriously affected substantial rights of the parties' ").'
" Flagstar Enters., Inc. v. Foster, 779 So.2d [1220,] 1221 [ (Ala. 2000) ]."
A.J. v. E.W., 167 So.3d 362, 367 (Ala. Civ. App. 2014).
"Error 'is reversible error only if it "probably injuriously affected substantial rights of the parties." ' Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala. 1993) (quoting Rule 45, Ala. R. Civ. P., and citing Greene v. Thompson, 554 So.2d 376, 380-81 (Ala. 1989), and Walls v. Bank of Prattville, 554 So.2d 381, 382 (Ala. 1989) ). 'If the failure to conduct a hearing did not " 'injuriously affect[ ] [the] substantial rights of the parties,' " that failure, while error, was harmless.' DWOC, LLC v. TRX Alliance, Inc., 99 So.3d 1233, 1236 (Ala. Civ. App. 2012) (quoting Kitchens, 623 So.2d at 1088 )."
Frazier v. Curry, 119 So.3d 1195, 1198 (Ala. Civ. App. 2013).
On appeal, the mother raises the argument made in her September 5, 2017, postjudgment motion that the trial court's entry of the August 7, 2017, judgment regarding child support denied the mother the opportunity to controvert the information contained in the father's CS-41 form. In J.H.F. v. P.S.F., 835 So.2d 1024 (Ala. Civ. App. 2002), the trial court entered a *845 judgment divorcing the parties, granting sole physical custody to the mother, and ordering the father to pay child support. After the parties had submitted postjudgment motions, the trial court entered an order eliminating a provision in the divorce judgment that automatically increased the father's child-support obligation at a future date. The mother filed a postjudgment motion, and, upon the trial court's order, the parties submitted new CS-41 forms. The trial court then entered an order decreasing the father's child-support obligation. The mother filed another postjudgment motion, and the trial court entered an order denying that motion without conducting a hearing. On appeal, this court stated:
"The trial court based its $200 per month reduction in the father's child-support obligation solely on the new evidence the father presented in his income affidavit; it did not afford the mother an opportunity to dispute that evidence. We find that the trial court should have conducted a hearing. See Martin v. Martin, 637 So.2d 901, 903 (Ala. Civ. App. 1994) ('[I]f one party's statement of income form is disputed by the other party, then that issue can be resolved by competent evidence at the trial court level.'). Given the particular facts of this case, we cannot conclude that the trial court's failure to conduct the requested Rule 59, Ala. R. Civ. P., hearing before altering the father's child-support obligation based on new evidence was harmless error. Therefore, we must reverse as to this issue."
J.H.F. v. P.S.F., 835 So.2d at 1032.
In its May 3, 2017, judgment, the trial court in this case reserved ruling on the child-support issue, stating that it lacked the father's CS-41 form. After the father submitted a CS-41 form, the trial court entered the August 7, 2017, judgment ordering the mother to pay the father $699 a month in child support. The trial court thus relied, in part, on the father's CS-41 form to calculate the amount of the child-support obligation. The mother filed a postjudgment motion that, in part, argued that the granting of child support was not supported by sufficient evidence and that she had not been allowed to contest the information contained in the father's CS-41 form. The trial court denied that motion without a hearing. The mother, therefore, was deprived of the opportunity to dispute newly submitted evidence in the father's CS-41 form.[3] In accordance with J.H.F. v. P.S.F., the denial of the mother's postjudgment motion without conducting a hearing was not harmless error.
For the foregoing reasons, we reverse the trial court's September 8, 2017, order denying the mother's postjudgment motion, and we remand the cause to the trial court to conduct a hearing on the issues raised in her postjudgment motion. Although the mother raised other arguments in her postjudgment motion, the lack of a hearing on the issue of child support is dispositive, and we pretermit discussion of the other arguments raised by the mother. See Henderson v. Henderson, 123 So.3d 974, 977-78 (Ala. Civ. App. 2013).
The mother's request for attorney fees on appeal is denied.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman and Moore, JJ., concur.
Thomas, J., concurs in the result, without writing.

"Of course, Rule 60(b), Ala. R. Civ. P., provides a mechanism by which a trial court can provide relief beyond that 30-day period in certain extraordinary circumstances ...." Ex parte Caremark Rx, LLC, 229 So.3d 751, 757 n.2 (Ala. 2017).

We note that the mother filed a motion purportedly pursuant to Rule 59 after the entry of the May 3, 2017, judgment. Therefore, even if that judgment had been final, the trial court retained jurisdiction to address any errors in the judgment. See Henderson v. Koveleski, 717 So.2d 803, 806 (Ala. Civ. App. 1998) ("[A] trial court retains the power to correct sua sponte any error in its judgment that comes to its attention during the pendency of a party's Rule 59(e) motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged or not alleged in the motion.").

In particular, the mother questions the accuracy of the amounts listed in the father's CS-41 form for gross monthly income and for work-related child-care expenses.